In re the ESTATE OF Beulah
B. CLARK, Deceased.

No. 05–04–01871–CV.

Court of Appeals of Texas,
Dallas.

April 25, 2006.

Rehearing Overruled Aug. 29, 2006.

Robert H. Osburn, Dallas, for appellant.

Richardo L. Jordan, Walter L. Irvin, Louis A. Bedford, Josephine V. Dye, Dallas, for appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from an order removing Calvin Person as dependent administrator of the Estate of Beulah Clark, Deceased. In twenty-five issues, Person complains that the trial court abused its discretion when it ordered his removal and challenges the legal and factual sufficiency of each of the trial court's twenty-one findings of fact. After reviewing the record in its entirety, we conclude the trial court did not abuse its discretion in removing Person. We affirm the trial court's judgment.

The estate that is the subject of this appeal has been pending since 1985 and includes a funeral home business and a

significant number of real estate parcels among its assets. Although a complete history of this protracted probate case is not required for the disposition of the appeal, a brief summary of some of the more significant developments since Person's appointment as the estate's dependent administrator is helpful in analyzing the issues presented.

The trial court appointed Person as successor administrator of the estate in September 2000. After Person's appointment, in December 2001, the trial court ordered a partial distribution of the proceeds of the estate. The December 2001 order also directed Person to sell all remaining assets of the estate so that the proceeds, after the cost of administration, would be distributed to the estate's heirs. In March 2003, appellees Ocie Johnson and Gwen Clark filed a motion to remove Person as administrator, which the trial court denied.

About two years after the order was signed requiring the sale of all remaining estate assets, Person filed a report of sale with the trial court. In the report, Person indicated that he had contracts to sell the funeral home business to FamilyCare Inc. for $850,000; the 3820 Roseland property to Michael Cotton for $26,400; and the remaining twenty-four properties to Gatsby Properties, Inc. for $550,000. The report also makes clear that the sales were cash sales.

On January 9, 2004, after a hearing on Person's report of sale, the trial court signed an order confirming the sale. Seven months later, however, Johnson and Clark filed another motion to remove Person as administrator, claiming, among other things, that Person failed to close the sale of the estate's assets despite the trial court's orders directing him to do so.

After the removal motion was filed, Person filed an amended report of sale that reduced the number of properties and the purchase price with respect to the sale to Gatsby Properties. The amended report of sale did not mention the sale of the funeral home or the 3820 Roseland property.

On October 1, 2004, after denying Person's motion for continuance, the trial court heard appellees' motion to remove Person. Although Person was not present at the hearing, his attorney appeared. The only witness to testify was appellee Gwen Clark. She indicated that to date, the funeral home had not yet been sold. She also indicated Person testified at the January 9 hearing that he had a contract for sale for the funeral home for $850,000 cash. Clark testified that her attorney told her the ad valorem taxes on the estate had not been paid and that tax liability continued to accrue. She further noted that the successful bidder for the Roseland property had backed out, but she was unaware of the property being put back on the market for sale. Several letters were introduced into evidence at the October 1 hearing. A letter dated September 15, 2003 from FamilyCare, Inc. to Person indicated they were interested in purchasing the funeral home for $850,000 payable as $700,000 cash at closing with the balance to be financed. The projected closing date for the sale was November 30, 2003. Another letter from FamilyCare dated September 3, 2004 (the same day Person filed the amended report of sale), however, offered to purchase the funeral home from the estate for $300,000 cash. There was also a letter from Person's attorney dated July 1, 2004 indicating that the Gatsby Properties sale had not yet closed. At the conclusion of the hearing, the trial court signed an order removing Person as administrator for (1) failing to obey the trial court's order and (2) gross misconduct, or mismanagement in the performance of his

duties. In his appeal, Person vigorously attacks both of these grounds.

 We review a trial court's order removing an administrator under an abuse of discretion standard. *See Ayala v. Brittingham,* 131 S.W.3d 3, 9 (Tex.App.-San Antonio 2003), *rev'd on other grounds,* 193 S.W.3d 575 (Tex.2006). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Under an abuse of discretion standard of review, we must make an independent inquiry of the entire record to determine if the trial court abused its discretion and are not limited to reviewing the sufficiency of the evidence to support the findings of fact made. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 853 (Tex.1992) (orig. proceeding). We will not analyze, therefore, the trial court's fact findings separately from our analysis of whether the trial court abused its discretion in removing Person as administrator.

 The relevant portions of section 222 of the Texas Probate Code permit the removal of an administrator if he fails to obey any proper order of the court having jurisdiction with respect to the performance of his duties or is guilty of gross misconduct, or mismanagement in the performance of his duties. *See* TEX. PROB. CODE ANN. § 222(b)(3), (4) (Vernon 2003). Thus, the trial court did not abuse its discretion in this case if the record, when reviewed in its entirety, supports such determinations. Appellant argues the trial court was limited to considering only the evidence presented at the October 1 hearing when making its determination. We disagree. The trial court could also take judicial notice of its own records and prior pleadings in the case with or without a request of a party. *See Smith v. Smith,*

757 S.W.2d 422, 426 (Tex.App.-Dallas 1988, writ denied).

The trial court was well aware of the extended duration of this matter, as well as the pleadings and orders in its file. Specifically, the trial court was aware it had ordered Person to sell the estate's remaining assets in December 2001 and, almost three years later, the sales were still not completed. Moreover, the report of sale filed by Person in December 2003 represented that the sale of the funeral home to FamilyCare was for $850,000 cash in accordance with the contract excerpt attached to the report. Yet a letter in evidence at the October 1 removal hearing indicated an $850,000 offer from Family Care three months earlier was for part cash and part owner financing. Additionally, about one and one-half months after the trial court confirmed the sales to FamilyCare, Gatsby Properties, and Michael Cotton, Person's attorney wrote to the heirs' attorneys indicating that Family-Care wanted the owners to finance $150,000 of the $850,000 purchase price; that Gatsby Properties had lowered their bid; and Cotton had failed to respond to letters and phone calls about the 3820 Roseland property and it appeared he was no longer interested in the property. These letters suggest that Person never had purchase contracts with these parties as indicated in his report of sale. Moreover, there is nothing in the record to indicate the trial court was ever advised of these developments after it confirmed the sales. It was not until after appellees filed their second removal motion that Person filed an amended report of sale indicating the reduction of the purchase price and number of properties relative to the Gatsby Properties sale.

As support for his position that the trial court abused its discretion in removing him as administrator, appellant contends

the trial court's January 9 order confirming the sales only required him to sell the properties if the buyers complied with the terms of sale. We disagree with appellant's interpretation of the trial court's order. The second to last paragraph of the order acknowledges the buyers have complied with all terms of the sale and that Person has complied with everything necessary to consummate the sale. The order goes on to order Person to execute and deliver to the buyers "a proper conveyance, conveying the property under the terms and provisions of the Contracts of Sale filed herein." The evidence before the trial court on October 1 showed this order was signed ten months before, Person had not yet complied with the order, and, except for the amended report of sale filed *after* appellees' motion to remove, Person had not advised the trial court of his inability to comply with the court's order. These facts, in addition to the evidence presented at the October 1 removal hearing, are sufficient to support the trial court's determination that Person should be removed for failing to obey a court order. Because the record supports the trial court's decision to remove Person as administrator for failure to obey a court order, there was no abuse of discretion. And because of our conclusion, it is unnecessary to determine if the trial court was correct in finding its other stated ground for removal.

We affirm the trial court's order.