REVERSE and AFFIRM; Opinion issued January 28, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00712-CV

## GAYLIA E. KIRKLAND, Appellant

### V.

## JODIE RAY SCHAFF, JAY REED KIRKLAND, AND BILLIE JEAN (KIRKLAND) VERMANDEL, Appellees

**On Appeal from the Probate Court No. 1
Dallas County, Texas
Trial Court Cause No. PR-10-03167-1**

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Appellant Gaylia E. Kirkland appeals the probate court's orders removing her as administrator of the estate of her husband, Prentiss Kirkland, and awarding appellees Jodie Ray Schaff, Jay Reed Kirkland, and Billie Jean (Kirkland) Vermandel attorney's fees. In two issues, appellant asserts the probate court abused its discretion by (1) granting appellees a trial amendment and awarding them attorney's fees, and (2) removing appellant as estate administrator. We reverse the probate court's order granting appellees a trial amendment and awarding appellees attorney's fees, and we render judgment that appellees take nothing on their claim for attorney's fees. We affirm the probate court's order removing appellant as administrator of the estate of Prentiss

Kirkland.

## Background

Prentiss Kirkland (decedent) died intestate on November 1, 2009. He was survived by his wife (appellant) and three adult children from prior marriages (appellees). On September 21, 2010, appellant filed an application for letters of administration of decedent's estate in probate court. On October 3, 2010, appellees sued appellant in district court asserting claims for declaratory relief based upon appellant's alleged wrongful denial and deprivation of appellees' interests in the real and personal property in decedent's estate, including sums of cash, the home in which decedent lived with appellant before his death and improvements to that home, and the inventory, equipment, and accounts receivable of decedent's barrel cleaning and recycling business (barrel business). As heirs,[1] appellees sought to recover their interests in half of the community property and two-thirds of decedent's separate property. On October 5, 2010, the probate court appointed appellant as the administrator of decedent's estate. Appellant answered the district court lawsuit and moved to transfer and consolidate that lawsuit with the probate proceeding. That motion to transfer and consolidate was granted by agreed order signed on November 3, 2010.

Appellants filed a bill of review and motion to remove appellant as administrator of decedent's estate. A bench trial was conducted on appellants' bill of review and motion to remove appellant as administrator. On April 4, 2011, the probate court judge signed an order removing appellant as administrator of decedent's estate and appointing a successor administrator of the estate. On May 12, 2011, appellees filed their motion for leave to amend their pleadings to include a specific request for an award of attorney's fees and costs pursuant to section 245 of the probate code.

---

[1] "'Heirs' denote those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of the decedent who dies intestate." TEX. PROB. CODE ANN. § 3(*o*) (West Supp. 2012); *see also Hubbard v. Rosenthal*, No. 10-10-00267-CV, 2012 WL 1992124, at *5 (Tex. App.—Waco May 30, 2012, pet. denied) (mem. op., not designated for publication).

On June 14, 2011, the probate court signed an order granting appellees' motion for leave to amend their pleadings and granting appellees' request for attorney's fees, awarding appellees attorney's fees and costs in the amount of $15,000 against appellant, individually.

Appellant filed this appeal. She contests the order of the probate court granting appellees' motion for a trial amendment and awarding appellees attorney's fees and the order of the probate court removing appellant as the administrator of decedent's estate.

## Trial Amendment and Attorney's Fees

In her first issue, appellant contends the probate court abused its discretion by signing an order granting appellees' motion for a trial amendment and granting appellees' request for attorney's fees after the probate court's order removing appellant as the estate administrator was signed.

### Standard of Review

Generally, we review a trial court's decision on the award of attorney's fees for an abuse of discretion. *Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 152 (Tex. App.—Dallas 2012, no pet.); *Paul v. Merrill Lynch Trust Co. of Tex.*, 183 S.W.3d 805, 812 (Tex. App.—Waco 2005, no pet.) (op. on reh'g). Likewise, the standard of review applicable to a trial court's decision to allow or deny a trial amendment is whether the court abused its discretion. *Miller v. Wal–Mart Stores, Inc.*, 918 S.W.2d 658, 666 (Tex.App.—Amarillo 1996, writ denied). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, or, stated another way, whether its decision was arbitrary or unreasonable. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

*Analysis*

Section 245 of the probate code provides for recovery of reasonable attorney's fees incurred in obtaining compliance regarding any statutory duty that the personal representative has neglected or if a personal representative is removed for cause. *See* TEX. PROB. CODE ANN. § 245 (West Supp. 2012).[2] Under section 245 of the probate code, a court may assess reasonable attorney's fees against the personal representative of the estate. *See Lawyers Sur. Corp. v. Larson*, 869 S.W.2d 649, 652 (Tex. App.—Austin 1994, writ denied) (costs and attorney's fees are assessed against the personal representative of the estate "because of the inequities inherent in penalizing the estate for the administrator's negligence").

The probate court conducted a bench trial of appellees' First Amended Bill of Review and Motion to Remove Administrator, in which appellees sought a bill of review under section 31 of the probate code[3] and a motion to remove appellant as the estate administrator under section 222 of the probate code.[4] Neither section 31 nor section 222 of the probate code provide for recovery of

---

[2] Section 245 provides:

When a personal representative neglects to perform a required duty or if a personal representative is removed for cause, the personal representative and the sureties on the personal representative's bond are liable for:
(1) costs of removal and other additional costs incurred that are not authorized expenditures, as defined by this code; and
(2) reasonable attorney's fees incurred in removing the personal representative or in obtaining compliance regarding any statutory duty the personal representative has neglected.

TEX. PROB. CODE ANN. § 245.

[3] Section 31 provides:

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

TEX. PROB. CODE ANN. § 31 (West 2003).

[4] Section 222 provides in pertinent part:

(b) The court may remove a personal representative on its own motion, or on the complaint of any interested person, after the personal representative has been cited by personal service to answer at a time and place fixed in the notice, when:

---

-4-

attorney's fees. Appellees did not request attorney's fees in their live pleading or in the pleading's prayer for relief. During the bench trial, appellees' attorney called himself to testify on the issue of the attorney's fees incurred in pursuing the motion to remove appellant as estate administrator. Appellant's attorney objected to the testimony because there was no statutory right to attorney's fees under section 222, the section of the probate court asserted by appellees for removal of appellant as the estate administrator. Appellees' counsel stated attorney's fees were recoverable under section 245 of the probate court, but appellant's counsel objected that appellees had not pleaded entitlement to attorney's fees under section 245. Counsel for appellees proposed he would make a record regarding attorney's fees at that time and "we can argue about the legality later," to which appellant's counsel and the probate court agreed. The probate court signed its order removing appellant as administrator of the estate on April 4, 2011. Appellees made no request for a trial amendment to plead for attorney's fees prior to that order being signed.

On May 12, 2011, appellees filed their motion for leave to amend their pleading to include a specific request for an award of attorney's fees and costs pursuant to section 245 of the probate code. Although appellees stated in that motion that their request for attorney's fees "was implicit in the pleading," they requested leave to amend their pleading pursuant to rule of civil procedure 63 to include a specific request for an award of attorney's fees under section 245 of the probate code. On May 20, 2011, appellees filed a letter brief with the probate court in support of their motion for leave to amend their pleading, asserting appellant's removal as estate administrator was for cause due to her mismanagement of decedent's estate, her breach of fiduciary duty, and her exposure of

---

\* \* \*

(4) The personal representative is proved to have been guilty of gross misconduct or mismanagement in the performance of the personal representative's duties. . . .

TEX. PROB. CODE ANN. § 222 (West Supp. 2012).

the estate to potential liability to the Internal Revenue Service (the IRS). Despite the statement of appellees' counsel, in response to appellant's objection at the bench trial of appellees' bill of review and motion to remove appellant as administrator, that he would make a record regarding attorney's fees and "we can argue about the legality later," in their letter brief, appellees asserted the issue of attorney's fees under probate code section 245 was tried by consent.

On May 23, 2011, appellant filed a letter brief responding to appellees' arguments concerning recovery of attorney's fees under probate code section 245 and for a trial amendment under rule of civil procedure 63. Appellant contested appellees' entitlement to attorney's fees because the probate code sections pleaded by appellees in their First Amended Bill of Review and Motion to Remove Administrator—sections 31 and 222—do not provide for award of attorney's fees. Appellant noted appellees' pleading contained no prayer for attorney's fees. *See Swate v. Medina Cmty. Hosp.*, 966 S.W.2d 693, 702 (Tex. App.—San Antonio 1998, pet. denied) (hospital did not specifically request attorney's fees in its prayer for relief and prayer for general relief will not support such an award). Appellant disagreed with any assertion she had waived her objection or tried the matter of appellees' attorney's fees by consent when appellees' counsel proposed and obtained agreement from appellant's counsel and the probate court to appellees' making a record regarding attorney's fees, with the "legality" of the issue to be determined later. Appellant further argued that appellees had not moved for a trial amendment before the probate court's order removing appellant as administrator was signed, and that a request for a trial amendment after a judgment is untimely.

On June 14, 2011, the probate court signed an order granting appellees' motion for leave to amend their pleading and granting appellees' request for attorney's fees.[5] That order provides:

---

[5] In its order granting appellees' motion for trial amendment and granting appellees' request for attorney's fees, the probate court stated appellees sought to amend their First Amended Bill of Review and/or Motion to Remove Administrator. The record contains no amended pleadings by appellees following the probate court's order granting leave to amend their pleading. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 73 (Tex.

Came on to be considered the Motion for Trial Amendment . . . seeking to amend the First Amended Bill of Review and/or Motion to Remove Administrator filed by [appellees]. After consideration of the Motion and after having found no opposition filed by [appellant],[6] the Court finds that the Motion is well taken and should be GRANTED. . . .

[Appellees'] request pursuant to Section 245 of the Texas Probate Code for reasonable attorney's fees and costs in removing [appellant] as administrator of the Estate of Prentiss N. Kirkland ("Decedent") for cause is hereby granted. The Court hereby awards reasonable attorney's fees and costs to [appellees] in the amount of $15,000.00. The Court assesses these attorney's fees and costs against [appellant] individually.

The Texas Rules of Civil Procedure recognize the right to file an amended pleading.[7] Under rule of civil procedure 63, a party may amend its pleadings after the verdict, but before the trial court has entered judgment, unless the opposing party establishes surprise or the amendment asserts a new cause of action and thus is prejudicial on its face.[8] *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex. 1990); *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 498 (Tex. App.—Dallas 2010, pet. denied); *see also Mayhew v. Dealey*, 143 S.W.3d 356, 371 (Tex. App.—Dallas 2004, pet. denied) (record did not show the trial court granted leave to file the amended petition after rendition of judgment); *In re Estate of Hawkins*, 187 S.W.3d 182, 186 (Tex. App.—Fort Worth 2006, no pet.) (original and amended petitions "clearly asserted claims against

---

2000) (trial amendment must be filed as a written pleading).

[6]    Although the probate court's order states it found no opposition filed by appellant to appellees' motion for leave to amend their pleadings, appellant's opposition to appellees' recovery of attorney's fees under section 245 and to the motion for trial amendment was contained in appellant's May 23, 2011 letter brief.

[7]    "The Texas Rules of Civil Procedure govern proceedings in probate matters except in those instances in which a specific provision has been made to the contrary." *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex. 1983); *see* TEX. R. CIV. P. 2.

[8]    Rule 63 provides:

Parties may amend their pleadings . . . by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings . . . offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX. R. CIV. P. 63.

[estate administrator] for partition and distribution of the estate, damages and interest thereon, a declaration of . . . rights to a portion of the estate, and attorney's fees incurred in recovering same); *Swate*, 966 S.W.2d at 702 (motion for attorney's fees was filed before trial court's entry of final judgment).

In probate proceedings, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). Courts, including this Court, have allowed appeals from orders removing an executor or estate administrator. *See In re Estate of Miller*, 243 S.W.3d 831 (Tex. App.—Dallas 2008, no pet.); *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.); *Geeslin v. McElhenney*, 788 S.W.2d 683 (Tex. App.—Austin 1990, no writ). Appeal of an order removing an estate administrator is proper because the order brings to a conclusion a discrete phase of the probate proceeding. *In re Estate of Washington*, 262 S.W.3d at 905–06. Here, appellees sought a trial amendment to plead for attorney's fees pursuant to section 245 of the probate code after the probate court's final order removing appellant as administrator of the estate. Their request for a trial amendment after the final order was signed was untimely. We conclude the probate court abused its discretion by granting the trial amendment and awarding appellees attorney's fees after the probate court's final order removing appellant as administrator was signed.

We resolve appellant's first issue in her favor.

## Removal of Administrator

In her second issue, appellant contends the probate court abused its discretion in removing her as administrator of decedent's estate, asserting that the evidence is legally and factually insufficient to support her removal.

## Standard of Review

A trial court's order removing an administrator is reviewed under an abuse of discretion standard. *In re Estate of Miller*, 243 S.W.3d at 839. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer*, 701 S.W.2d at 241–42. "Under an abuse of discretion standard of review, we must make an independent inquiry of the entire record to determine if the trial court abused its discretion and are not limited to reviewing the sufficiency of the evidence to support the findings of fact made." *In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, pet. denied) (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex. 1992) (orig. proceeding)). Therefore, we will not analyze the trial court's fact findings separately from our analysis of whether the trial court abused its discretion in removing appellant as estate administrator. *See In re Estate of Clark*, 198 S.W.3d at 275.

A probate court's findings are reviewable for legal and factual sufficiency by the same standards applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When confronted by both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981).

An appellant attacking the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the trial court's adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 830 (Tex. App.—Dallas 2011, no pet.). When examining a legal sufficiency challenge to a finding of fact, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller*

*v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Evidence is legally sufficient if it rises to a level that would enable a reasonable and fair-minded fact finder to make the finding. *Id.* at 827. A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *Affordable Power, L.P.*, 347 S.W.3d at 830. "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Suberu*, 216 S.W.3d at 793 (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)); *see also Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011) (if evidence does no more than give rise to mere surmise or suspicion and is so slight as to necessarily make any inference a guess, then it is no evidence).

In a factual sufficiency review of a finding, we consider and weigh all the evidence, both in support of and contrary to the challenged finding. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). When a party challenges the factual sufficiency of the evidence supporting an adverse finding on which it did not have the burden of proof, we set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Figueroa v. Davis*, 318 S.W.3d 53, 59 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We may not substitute our judgment for that of the trier of fact or pass on the credibility of the witnesses. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

*Analysis*

Section 77 of the probate code provides in pertinent part that letters testamentary or of administration shall be granted to persons who are qualified to act, first to a person named as executor in the will of the deceased and second to the surviving husband or wife. TEX. PROB. CODE ANN. § 77(a), (b) (West 2003). Although appellant has priority of appointment under section 77, she

–10–

may be removed under section 222 of the probate code. Section 222 permits the removal of the personal representative if "[t]he personal representative is proved to have been guilty of gross misconduct, or mismanagement in the performance of the personal representative's duties." TEX. PROB. CODE ANN. § 222(b)(4) (West Supp. 2012). Thus, the probate court did not abuse its discretion in this case if the record, when reviewed in its entirety, supports one or more grounds for removal of a personal representative specified in section 222.

As grounds for removal of appellant as administrator, appellees asserted appellant misappropriated community and separate funds of decedent as her separate property and failed to properly account for the value of decedent's barrel business and the income from that business, classified and liquidated assets that were community or separate property of decedent without granting the estate its proper interest in those assets, undervalued decedent's barrel business and under-reported income from that business to the IRS, failed to properly account for cash and other assets of decedent's separate property, and unilaterally closed decedent's barrel business. At the conclusion of the bench trial of appellees' bill of review and motion for removal of appellant as estate administrator, the probate court denied the bill of review but concluded appellant should be removed as administrator based on appellant's mismanagement of decedent's estate, breach of fiduciary duty, and exposure of the estate to potential federal tax liability. The probate court stated:

> Mrs. Kirkland, I am very concerned with respect to the tax situation of this estate. I believe that the estate is at risk of substantial liability from the IRS due to the failure or the willful omission of information from tax returns. You are represented by counsel and your counsel can share with you with respect to any potential criminal liability, but the estate is at risk with respect to the failure to correctly report on tax returns. No one has mentioned the possibility of the damage to creditors' claims.
> I am not aware of what the estate liabilities are at this time, but it concerns me that the financial picture of this estate is very muddled at this point. I understand that you are in a quasi-fiduciary role in your employment, and it may be problematic that I am actually entering an order to remove you because of mismanagement, and I

–11–

regret that. But I believe that I have no choice because the performance up to date is not acceptable.

Your inventory, even the most recent inventory, is inadequate in my view. For example, under claims due to the estate, there's no identification of any possible reimbursement claims that Mr. Kirkland had against the estate.

And so I find that the inventory and appraisement that you filed is inadequate. The listing of separate personal property appears to be inadequate, based on the testimony that I've heard. Most of the testimony I've heard today has been from you. And I – so the Court is removing you as the administrator of this estate.

I regret that I have to do this, but in the interest of fairness and in the interest of protecting the assets of the estate, the interest of the beneficiaries, the interests of the creditors, I have no choice, and so I am granting the motion to remove based on mismanagement and on basically breach of fiduciary duty.

The probate court thereafter signed its final order removing appellant as administrator of decedent's estate and appointing a successor administrator. In that order, the probate court stated it appeared appellant had "neglected her duties and should be removed" as administrator of decedent's estate.

The probate court signed findings of fact and conclusions of law in support of removal of appellant as administrator, including findings that: the income tax returns filed with the IRS by appellant on behalf of decedent indicated income of $21,251.00 and $26,336.00 in 2008 and 2009, respectively, an understatement which fails to account for checks received by the barrel business and cashed by decedent or appellant; appellant has shown a clear disregard for the proper accounting of the income of the barrel business; and appellant exposed decedent's estate to potential tax liability to the IRS due to her actions. On appeal, appellant contends the evidence is legally and factually insufficient to support the probate court's findings.

We begin our analysis by considering the legal sufficiency of the evidence supporting the probate court's findings regarding the understatement of income of decedent's barrel business. Appellant does not contend that exposure of the estate to federal income tax liability as a result of an administrator's acts or omissions is an improper ground for removal. Rather, appellant contends there is no evidence appellant "did anything wrong in preparing the 2009 tax return." We disagree.

–12–

The 2009 federal income tax return filed by appellant on behalf of decedent was admitted in evidence. Appellant signed that income tax return in April 2010, after decedent's death in November 2009. The barrel business income listed on that tax return is $20,336, which is the same amount shown on a single Form 1099 attached to the tax return. The Form 1099 was prepared by a customer of the barrel business, Royal Custom Products, Inc.

Appellant testified she was aware decedent served many customers other than Royal Custom Products. Appellant sent a letter to customers of the barrel business after her husband's death in which she expressed her appreciation for their business "over the past year." That letter was sent by appellant not only to Royal Custom Products, but also to Auto Wax Company, Complete Supply Inc., and others. However, appellant made no attempt to determine the amount of income received by the barrel business from any customer to which she sent the letter. For example, appellant testified she was aware that Auto Wax Company was a customer of the barrel business and that she had prepared invoices sent to Auto Wax Company prior to her husband's death. However, she did not include any business income from Auto Wax Company on the 2009 income tax return because Auto Wax Company did not send a Form 1099 to the barrel business. Appellant made no attempt to determine the gross amount of business income the barrel business received from its customers in 2009 before she signed the income tax return relating to that year. According to appellant's testimony, she telephoned the IRS and spoke to an individual who advised her she only had to declare business income that had been reported to the IRS on Form 1099.

Appellant's handwritten notes were admitted as evidence showing that checks from barrel business customers Martek, Aramsco, Quaddrant Chemical Corporation, and Hawk Solutions were deposited in a joint checking account in November 2009 before her husband's death, and checks from barrel business customers Royal Custom Products and Auto Wax Company were to be

deposited in November 2009 after her husband's death. Evidence at the bench trial demonstrated that appellant made bank deposits in December 2009 for barrel business income from Auto Wax Company, Royal Custom Products, and Complete Supply. Appellant testified that, with the exception of Royal Custom Products, she did not include that business income on the 2009 federal income tax return. Indeed, appellant testified that the majority of the receipts from barrel business customers was not included on the 2009 federal income tax return.

Through depositions upon written questions, appellees obtained copies of checks written by certain customers to decedent's barrel business. An attorney representing appellees testified regarding a spreadsheet showing payments to the barrel business in the years 2008, 2009, and 2010. That spreadsheet shows that in 2009, the barrel business received $36,991.50 from Auto Wax Company, $23,581.00 from Royal Custom Products, $2,898.00 from Sovereign Industries, Inc., $24,009.00 from Quadrant Chemical Corp., $2,970.00 from Service Sales Company, $4,536.00 from Dal-Den Corporation, $2,645.00 from Orison Marketing, LLC, and $1,429.50 from Hawk Solutions. The spreadsheet indicates the barrel business received over $90,000 in income from these customers in 2009, while $20,336 was declared as business income on the 2009 federal tax return prepared and signed by appellant.

Evidence at the bench trial supported the probate court's finding that the 2009 tax return filed with the IRS on behalf of decedent failed to account for all income received by the barrel business. Further, the evidence supported the probate court's finding that appellant disregarded the proper accounting for the barrel business income and that appellant's actions exposed decedent's estate to potential federal tax liability.[9] We conclude the evidence before the probate court was legally

_____

[9] The successor administrator appointed by the probate court upon appellant's removal filed the "Final Account on Behalf of the Former Administrator," in which he advised he seeks:

sufficient to support these findings.

The only evidence appellant raises contrary to the probate court's findings is appellant's testimony that she spoke with an individual at the IRS who told her the only business income the barrel business had to declare was what was reported to the IRS on 1099 forms. After reviewing the entire record, we conclude the probate court's findings that appellant failed to account for checks received by the barrel business on the 2009 tax return filed with the IRS on behalf of decedent, appellant disregarded the proper accounting for the barrel business income, and appellants actions expose decedent's estate to potential federal tax liability are not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Cain*, 709 S.W.2d at 176. Therefore, we conclude the evidence was factually sufficient to support these findings by the probate court.

The record contains legally and factually sufficient evidence to support the removal of appellant as administrator of decedent's estate.[10] Accordingly, we discern no abuse of discretion in the probate court's removal of appellant as estate administrator. We resolve appellant's second issue against her.

## Conclusion

We reverse the probate court's order granting appellees a trial amendment and awarding appellees attorney's fees, and we render judgment that appellees take nothing on their claim for

---

recovery of all taxes, tax deficiencies, penalties, late charges, and other sums which may be assessed by the IRS against Decedent or his estate caused by the failure of Former Administrator to report all Decedent's income on the 2009 Tax Return and on any prior tax returns Former Administrator prepared and filed for Decedent during the years of their marriage; (b) payment for the fees incurred to retain a Certified Public Accountant selected by Successor Administrator with Court authorization for the purpose of amending the 2009 Tax Return and any other tax returns for prior years, (c) the complete cooperation of Former Administrator in working with said Certified Public Accountant to be certain that Decedent and his estate are in compliance with all Federal tax laws; and (d) evidence that the $384.00 in taxes owed was paid.

[10] Because we conclude the probate court was within its discretion in removing appellant as estate administrator for under-reporting barrel business income on the 2009 federal income tax return appellant prepared and submitted to the IRS on behalf of decedent, disregarding the proper accounting for the barrel business income, and exposing decedent's estate to potential federal tax liability, we need not address appellant's remaining arguments regarding the legal and factual sufficiency of the evidence supporting the probate court's other stated findings regarding appellant's removal as administrator of the estate.

attorney's fees.   We affirm the probate court's order removing appellant as administrator of the estate of Prentiss Kirkland.

_____
ROBERT M. FILLMORE
JUSTICE

110712F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GAYLIA E. KIRKLAND, Appellant

No. 05-11-00712-CV      V.

JODIE RAY SCHAFF, JAY REED KIRKLAND, AND BILLIE JEAN (KIRKLAND) VERMANDEL, Appellees

Appeal from the Probate Court No. 1 of Dallas County, Texas. (Tr.Ct.No. PR-10-03167-1).

Opinion delivered by Justice Fillmore, Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the order of the probate court granting appellees a trial amendment and awarding appellees attorney's fees is **REVERSED**, and judgment is **RENDERED** that appellees take nothing on their claim for attorney's fees. The probate court's order removing appellant as administrator of the estate of Prentiss Kirkland is **AFFIRMED**. It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 28, 2013.

ROBERT M. FILLMORE
JUSTICE