**AFFIRM; and Opinion Filed August 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00283-CV

**KATIE GOSSETT, Appellant**

**V.**

**KIMBERLY BACK, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF LOLA B. CHENOWETH, Appellee**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-12-00202-2**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

Appellant Katie Gossett (Katie) appeals the probate court's order appointing appellee Kimberly Back (Kimberly) as the independent executrix of the Estate of Lola B. Chenoweth (the Estate). In two issues, Katie asserts (1) the probate court erred by determining she was disqualified to serve as the independent executrix of the Estate and (2) the evidence is legally insufficient to support her disqualification as independent executrix of the Estate. We affirm the probate court's order.

## Background

Lola B. Chenoweth (Lola) died September 30, 2011. Two weeks before Lola's death, pursuant to a durable power of attorney signed by Lola on July 31, 2001, Lola's biological daughter, Katie, executed a special warranty deed transferring Lola's real property located at

3327 St. Johns Drive, Dallas, Texas, (the real property) to herself. The purported worth of the real property is approximately $850,000. Although the special warranty deed states the consideration for transfer of the real property to Katie was $10, no monetary consideration was actually exchanged for transfer of the real property.

In Lola's October 10, 2001 Last Will and Testament, the terms "child," "children," "descendant," and "descendants" include natural children, descendants, and those legally adopted into the line of descent. Lola devised her personal property to her descendants, per stirpes, provided that the executor of the Will had discretion to divide and distribute specific items or sell items and include the proceeds in the residue of the Estate. Lola devised "all of the rest and residue" of her Estate, including real property, to her descendants, per stirpes. The Will provides that no portion of the Estate, except personal effects, is to be distributed in fee simple to her descendants. The Will provides that the balance of the Estate is to be held in trusts established for Lola's descendants. The Will designates Katie as the primary trustee. In the Will, Lola appointed Katie to be the independent executrix, with Glenn Lee Gossett as the first alternate independent executor,[1] and Kimberly as the second alternate independent executor.[2]

On January 18, 2012, Katie filed an application for probate of the Will as a muniment of title only. Katie stated in the application that she was Lola's only child. On January 30, 2012, the Will was admitted to probate as a muniment of title.

On July 19, 2012, Katie filed an application for letters testamentary. In her application, Katie stated that when the Will was admitted to probate as a muniment of title only on January 30, 2012, she believed there was no need for administration of the Estate, but she since

---

[1] On September 5, 2012, Glenn Lee Gossett filed an application for letters testamentary. However, on October 16, 2012, he filed a withdrawal of his application for letters testamentary.

[2] In the Will, Kimberly is incorrectly referred to as Kimberly Shawn Chenoweth Bach. The probate court specifically found that Kimberly "is one and the same person as Kimberly Shawn Chenoweth Bach."

"discovered and ascertained" a need for administration of the Estate. According to Katie, shortly before January 30, 2012, she received information that Kimberly, Katie's biological daughter, "might have been adopted" by Lola. Katie stated that her attorney received a copy of a January 15, 1976 decree that purports to terminate Katie's parent-child relationship with Kimberly and grants Lola's adoption of Kimberly, then named Kimberly Shawn Chenoweth. In her application, Katie stated she believes Lola's adoption of Kimberly was illegal and void. Katie stated a controversy has "matured" between her and Kimberly regarding Katie's execution, as "attorney-in-fact" for Lola, of a special warranty deed transferring the real property to herself prior to Lola's death. Katie stated she believes the transfer of the real property is legally binding on Kimberly and on Lola's Estate. As the appointed independent executrix in the Will, Katie requested the probate court enter an order granting her letters testamentary, a request opposed by Kimberly.

On August 24, 2012, Kimberly filed her objection in the probate court to appointment of Katie as independent executrix of the Estate and her application for appointment as independent executrix of the Estate. In her objection, Kimberly asserted Katie's transfer of the real property to herself without consideration deprived the Estate of the property to vest the corpus of the heirs' trusts under the Will. Kimberly asserted that if Katie was appointed independent executrix of Lola's Estate, Katie, as executrix, would have to sue herself, as transferee of the real property, for transfer of the real property back to the Estate for distribution under the Will. Kimberly asserted that this "conflict of interest" warranted the probate court denying Katie's application for letters testamentary. Kimberly also noted that Katie continued to deny Lola legally adopted Kimberly.

On November 20, 2012, the probate court signed the order that is the subject of this appeal. The probate court stated in the order that Katie is disqualified to serve as executrix of the

Estate, and the trial court ordered the "muniment of title aspect" of a prior order set aside and appointed Kimberly as independent executrix of the Estate.

On December 2, 2012, Katie filed a lawsuit, *Katie B. Gossett v. Kimberly Back, Individually and in Her Capacity as Independent Executrix of the Estate of Lola B. Chenoweth*, Cause No. DC-12-14115-A, in the 14th Judicial District Court, Dallas County, Texas, seeking a declaration that the special warranty deed conveying the real property to her is valid. In her pleading, Katie stated that she received a decree of adoption signed January 15, 1976, that purports to terminate Katie's parent-child relationship with Kimberly and grants adoption of Kimberly by Lola, and she believes the adoption is illegal and void. Katie stated that there is a controversy between her and Kimberly regarding Katie's transfer of Lola's real property during Lola's lifetime, because Kimberly, as Lola's putative daughter, claims that she has a superior right to the real property and that Katie was without authority under the durable power of attorney to execute the special warranty deed transferring the real property to herself.

On February 15, 2013, the probate court signed Findings of Fact and Conclusions of Law. The probate court made the following findings of fact pertinent to this appeal:

2. The Will first appoints Katie B. Gossett to serve as independent executor.
3. The Will provides that if Katie B. Gossett is unable or unwilling to serve as executor, then Glenn Lee Gossett is appointed to serve as independent executor.
4. The Will provides that if Glenn Lee Gossett is unable or unwilling to serve as executor, then Kimberly Shawn Chenoweth Bach is appointed to serve as independent executor.
5. The Will gives, devises and bequeaths the residue of the Estate of Lola B. Chenoweth to "[her] descendants, per stirpes."
6. The Will defines the word "descendants" to "include both natural children and descendants and those legally adopted into the line of descent."
7. Kimberly Back is the biological daughter of Katie B. Gossett.
8. The parties dispute whether Katie B. Gossett's parental rights over Kimberly Back were lawfully terminated and Kimberly Back lawfully adopted by Lola B. Chenoweth and her husband in 1976.
9. On or about September 16, 2011, Katie B. Gossett signed a Special Warranty Deed as attorney-in-fact for Lola B. Chenoweth transferring certain real property belonging to Lola B. Chenoweth to Katie B. Gossett.

–4–

10. The parties dispute whether the transfer of this property to Katie B. Gossett was valid.
11. Lola B. Chenoweth died on September 30, 2011.

The following are the probate court's conclusions of law pertinent to this appeal:

2. There is a necessity for administration of this Estate.
3. Katie B. Gossett is disqualified from serving as independent executor of the Estate of Lola B. Chenoweth due to a conflict of interest.
4. Kimberly Back is entitled to serve as independent executor of the Estate of Lola B. Chenoweth.
5. Kimberly Back is not disqualified from serving as executor.

Katie's motion for new trial was denied by the probate court. Katie filed this appeal of the probate court's order appointing Kimberly as executrix of Lola's estate.

## Standard of Review

A probate court's order finding a person unsuitable to serve as executor is reviewed under an abuse of discretion standard. *In re Estate of Robinson*, 140 S.W.3d 801, 807 (Tex. App.—Corpus Christi 2004, pet. dism'd); *Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex. App.—San Antonio 1996, no writ); *see also In re Guardianship of Bayne*, 171 S.W.3d 232, 235 (Tex. App.—Dallas 2005, pet. denied) (court's ruling on probate application generally reviewed under abuse of discretion standard). The probate court abuses its discretion if its actions are unreasonable or arbitrary or without reference to any guiding rules or principles. *In re Guardianship of Bayne*, 171 S.W.3d at 235.

Under the applicable standard of review, we must make an independent review of the entire record to determine if the probate court abused its discretion, and we are not limited to reviewing the sufficiency of the evidence to support the probate court's findings of fact. *See In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, pet. denied); *see also Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.). Therefore, an appellate court does not analyze a probate court's fact findings separately from its analysis of whether the probate court abused its discretion in disqualifying a person to serve as independent

executor of an estate. *See In re Estate of Clark*, 198 S.W.3d at 275; *see also Schaff*, 391 S.W.3d at 655.

A probate court's findings are reviewable for legal sufficiency by the same standard applied in reviewing evidence supporting a jury's answer. *See Schaff*, 391 S.W.3d at 655. When an applicant for appointment as independent executor "is among those named in the probate code as a person entitled to priority, as in this instance, the party opposing the appointment has the burden of establishing the applicant's disqualification." *In re Estate of Robinson*, 140 S.W.3d at 805; *see also Powell v. Powell*, 604 S.W.2d 491, 493 (Tex. App.—Dallas 1980, no writ) (when applicant for appointment as administrator of estate is among those legislature has granted priority, party opposing appointment has burden of establishing applicant's disqualification). An appellant attacking legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the trial court's adverse finding. *Schaff*, 391 S.W.3d at 655. When examining a legal sufficiency challenge to a finding of fact, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Evidence is legally sufficient if it rises to a level that would enable a reasonable and fair-minded fact finder to make the finding under review. *Id*. at 827. A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Schaff*, 391 S.W.3d at 656.

### Analysis

Katie asserts the trial court erred by disqualifying her as the independent executrix of the Estate.[3] As the person opposing Katie's appointment as independent executrix of the Estate,

---

[3] In her second issue, Katie contends the evidence is legally insufficient to support her disqualification as independent executrix of the Estate. "In reviewing a trial court's exercise of discretion, legal and factual sufficiency of the evidence are not independent grounds of error, but

Kimberly had the burden of proof. *See In re Estate of Robinson*, 140 S.W.3d at 805. Katie must, therefore, demonstrate there is no evidence to support the probate court's disqualification of her as independent executrix of the Estate. *See Schaff*, 391 S.W.3d at 655 (appellant attacking legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the trial court's adverse finding). If there is more than a scintilla of evidence to support the trial court's finding, the no-evidence challenge fails. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992).

Section 77 of the probate code provides in pertinent part that letters testamentary or of administration shall be granted to persons who are qualified to act, with priority given a person named as executor in the will of the deceased. TEX. PROB. CODE ANN. § 77(a) (West 2003).[4] A person named as executrix under section 77, may be disqualified to serve if the probate court finds she is "unsuitable" under section 78 of the probate code. *See* TEX. PROB. CODE ANN. § 78(e) (West 2003) ("No person is qualified to serve as an executor or administrator who is . . . [a] person whom the court finds unsuitable."). Although Katie had priority of appointment as independent executrix of the Estate as the first person named as executrix in the Will, the probate court disqualified her to serve as executrix.

The probate court has broad discretion in determining whether an individual is suitable to serve as an executor or administrator. *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.—Tyler 1998, no pet.). The term "unsuitable" as used in section 78(e) is not defined in the probate code, and cases interpreting section 78(e) "recognize that no comprehensive, discrete explanation

---

are merely factors to be assessed in determining if the trial court abused its discretion." *Agraz v. Carnley*, 143 S.W.3d 547, 554 (Tex. App.—Dallas 2004, no pet.); *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex. App.–Dallas 2001, pet. denied). Accordingly, we will consider Katie's complaint regarding the sufficiency of the evidence as a factor in determining whether the probate court abused its discretion.

[4] The Texas Probate Code has been recodified as the Estates Code. *See* Act of May 29, 2011, 82nd Leg., R.S., ch. 1338, Tex. Gen. Laws 3884; Act of May 19, 2011, 82nd Leg., R.S., ch. 823, 2011 Tex. Gen. Laws 1901; Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512. The Estates Code and the repeal of the Texas Probate Code took effect January 1, 2014. Act of May 29, 2011, § 2.55, 2011 Tex. Gen. Laws at 3936; Act of May 19, 2011, § 4.03, 2011 Tex. Gen. Laws at 2095; Act of May 26, 2009, § 12, 2009 Tex. Gen. Laws at 1732. Because the Estates Code was not in effect at the time of the proceedings in the probate court that are the subject of this appeal, we cite the Texas Probate Code in this opinion. *See* TEX. ESTATES CODE ANN. § 21.033(a) (West Supp. 2013).

exists delineating the attributes which make someone unsuitable under the Probate Code." *Id*.; *see also In re Estate of Robinson*, 140 S.W.3d at 807 (trial court has broad discretion in finding proposed executor "unsuitable"). "While there is no 'bright line' test to be applied, generally a person claiming ownership of property, to the exclusion of the estate, is deemed unsuitable because of the conflict of interest between the person and the estate . . . ." *In re Estate of Robinson*, 140 S.W.3d at 806; *see also Olguin*, 931 S.W.2d at 610 (noting that common theme gleaned from cases addressing issue of "unsuitability" under the probate code indicates that an individual "asserting a claim against property, claiming it as their own to the exclusion of the estate, is deemed unsuitable because of the conflict," whereas an individual "making a claim within the probate process (i.e. person claiming under the will or attempting to collect a debt from the estate) is not"); *Formby v. Bradley*, 695 S.W.2d 782, 785 (Tex. App.—Tyler 1985, writ ref'd n.r.e.) (finding by trial court that surviving wife was unsuitable as representative of husband's estate affirmed by appellate court where appointment "would be inimical" to the interests of the estate, and "inimical" defined as adverse, antagonistic, and hostile). "Clearly, one whose personal interests are so adverse to those of the estate or the beneficiaries thereof that both cannot be fairly represented by the same person, then that person is not a proper person to administer the estate." *Bays v. Jordan*, 622 S.W.2d 148, 149 (Tex. App.—Fort Worth 1981, no writ) (quoting *Haynes v. Clanton*, 257 S.W.2d 789, 792 (Tex. Civ. App.—El Paso 1953, writ dism'd by agr.)).

Katie disputes the legality of Lola's adoption of Kimberly. If Katie is unsuccessful in challenging the validity of that adoption, Kimberly is a descendant of Lola and entitled to a per stirpes distribution of the Estate. Katie acknowledges a controversy has "matured" between her and Kimberly regarding Katie's execution, as Lola's "attorney-in-fact," of a special warranty deed transferring the real property to herself prior to Lola's death. Katie contends the real

property "is not part of" the Estate, because she transferred the real property to herself before Lola's death. Katie testified she paid no monetary consideration for the transfer of what would have been a valuable asset of the Estate. If Katie had been appointed independent executrix of the Estate, any effort to recapture the real property for the benefit of the Estate would have required Katie, as executrix, to sue herself in her individual capacity. Katie testified she has no intention of transferring the real property back to the Estate so that it could be disposed of in accordance with the terms of the Will.

We conclude that more than a scintilla of evidence supports the probate court's disqualification of Katie as independent executrix of the Estate. Here, Katie asserts a claim to the real property as her own to the exclusion of the Estate, supporting the probate court's determination that Katie is unsuitable to serve as the independent executrix of the Estate. The record contains legally sufficient evidence to support the probate court's determination that Katie was unsuitable under section 78(e) of the probate code to serve as executrix of the Estate. Accordingly, we discern no abuse of discretion in the probate court's disqualification of Katie as independent executrix of the Estate. We resolve Katie's first and second issue against her.

### Conclusion

Having resolved Katie's issues against her, we affirm the probate court's order appointing Kimberly as the independent executrix of the Estate.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

130283F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KATIE GOSSETT, Appellant

No. 05-13-00283-CV      V.

KIMBERLY BACK, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX
OF THE ESTATE OF LOLA B.
CHENOWETH, Appellee

On Appeal from the Probate Court No. 2,
Dallas County, Texas,
Trial Court Cause No. PR-12-00202-2.
Opinion delivered by Justice Fillmore,
Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the order of the probate court appointing appellee Kimberly Back as the independent executrix of the Estate of Lola B. Chenoweth is **AFFIRMED**.

It is **ORDERED** that appellee Kimberly Back recover her costs of this appeal from appellant Katie Gossett.

Judgment entered this 5th day of August, 2014.