**AFFIRM; and Opinion Filed September 10, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01288-CV

## IN THE ESTATE OF BRIAN MATSUO SAKIMA, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-03677-2**

# MEMORANDUM OPINION
Before Justices Brown, Whitehill, and Schenck
Opinion by Justice Schenck

Kathleen Aihara ("Aihara") appeals the probate court's order removing her as administrator of the Estate of Brian Matsuo Sakima, deceased, and appointing a successor administrator. On appeal, Aihara contends the probate court erred in removing her as the administrator and by failing to enter findings of fact and conclusions of law. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Brian Sakima passed away at the age of 61. Although Sakima was a resident of Texas, all of his relatives reside in Hawaii. Sakima was survived by his mother, four sisters, and a brother. In 2011, Aihara, who is one of Sakima's sisters, filed an application for letters of administration seeking to serve as the administrator of Sakima's estate. The probate court appointed Aihara administrator.

During the pendency of this case, Aihara filed various accountings that the probate court determined were not proper and on at least three occasions, the probate court issued an order to show cause why Aihara should not be removed as the administrator of the estate. The last accounting filed by Aihara indicated that the estate had $30,921 in cash and $8,000 in proceeds from an insurance claim for hail damage to the home Sakima owned.

The trial court issued its final show cause order on April 5, 2018, stating it appeared that Aihara had misapplied all or a part of the property committed to her care as required by law, failed to file a proper account, or is guilty of gross misconduct or management in the performance of her duties. The show-cause order stated Aihara should be cited to appear in the court and show cause why she should not be removed from office.

On June 5, 2018, the court held a show cause hearing. Aihara did not appear at the hearing. Her attorney was present. At the hearing, the probate court judge questioned why Aihara was not present despite the order directing her to appear. The probate court judge asked Aihara's attorney if he brought the insurance claim proceeds check in the amount of $8,000, indicating that questions relating to those proceeds prompted the show-cause order. At the hearing, Aihara's attorney explained the insurance company issued the check in the amount of $8,000 payable to the mortgage company and the personal representative. He stated the check had not been negotiated because the mortgage company refused to endorse the check over to the estate. He further indicated that the insurer would not reissue the check payable to the estate only. The probate court then questioned him about the property that was subject to a mortgage and Aihara's attorney revealed that the deceased had owned a home in Las Colinas and that during the pendency of this case the

lender had foreclosed on the property.[1]  Counsel indicated that, in connection with the foreclosure, Aihara obtained a release from the lender on claims against the estate.

The probate court judge noted the age of the case and wondered aloud why an estate with a foreclosed home and a $30,000 bank account was still open after seven years, and why the $8,000 check had not been negotiated.  At the conclusion of the hearing, the court announced that it was going to remove Aihara as administrator for failure to make a proper accounting.  The probate court judge then stated, "I'm going to go over a couple things here in the file so you can understand why I'm removing her."  The court then noted that it had "show caused" Aihara on April 5, 2018, for failure to file a proper account, as well as for possible misconduct or mismanagement in the performance of her duties.  The court also noted Aihara failed to appear.  The court then detailed the history of filings of improper accounts, and notifications concerning same.  The court stated Aihara had been ordered to show cause three times.  The assets had not changed significantly over the life of the case, Aihara is still dealing with the same bank accounts, the vehicle Sakima had owned was abandoned, his house had gone into foreclosure, and Aihara cannot navigate the negotiation of a single $8,000 check.  In addition, the probate court stated Aihara had been ordered on at least two occasions to file a proper final accounting and yet still failed to do so.

On July 26, 2018, the probate court entered its order removing Aihara as the administrator and appointing a successor administrator.  On August 15, 2018, appellant requested that the probate court enter findings of fact and conclusions of law.  Aihara gave notice of past due findings of fact and conclusions of law.  This appeal followed. [2]

---

[1] When questioned as to why Aihara allowed the home to be foreclosed upon, her counsel indicated Aihara attempted to sell the property but the offer she obtained would have required the lender to write off approximately $10,000, which the lender was not willing to do.  He further explained the home was in poor condition and that the estate spent $2,000 to $3,000 to have items removed from it.

[2] Aihara brought a very limited record forward on appeal.  It is apparent from the one reporter's record filed with this Court that there was a long history of issues concerning Aihara and the administration of the estate before the probate court decided to remove her as the administrator.

## DISCUSSION

A trial court's order removing an administrator is reviewed under an abuse of discretion standard. *In re Estate of Miller*, 243 S.W.3d 831, 839 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex. 1985). Under an abuse of discretion review, the appellate court is not free to substitute its own judgment for the trial court's judgment. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). Under an abuse of discretion standard of review, an appellate court must make an independent inquiry of the entire record to determine if the trial court abused its discretion. *In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, pet. denied) (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex.1992) (orig. proceeding)).

A personal representative may be removed by the court if the representative: (1) has misapplied, embezzled all or a part of the property entrusted to the representative's care; (2) fails to return any account required by law to be made; (3) fails to obey a proper order of the court; (4) is guilty of gross misconduct or mismanagement in the performance of the representative's duties; (5) becomes incapacitated, is sentenced to the penitentiary, or from any other cause, becomes incapable of properly performing the duties of the representative's trust, or (6) fails to make a final settlement by the third anniversary of the date letters testamentary or of administration are granted, unless the period is extended by the court on a showing of sufficient cause supported by oath or timely filed affidavit or certificate required under section 308.004 of the estates code. TEX. EST. CODE ANN. § 361.052.

Aihara contends the probate court reversibly erred by removing her as the administrator of her brother's estate on grounds directly contradicted or not supported by the record. We disagree.

At the show cause hearing, the probate court judge expressed that this case had been open and languishing without reason. Administration opened in 2011 and the show cause hearing was conducted on June 5, 2018. There had not been a significant change in the assets yet Aihara was still dealing with bank accounts and could not figure out how to negotiate a check for $8,000. In addition, despite being ordered to show cause on three occasions, a proper accounting had not been made, although Aihara made attempts to file a final accounting. Accordingly, statutory grounds existed for the removal of Aihara as administrator of the estate. *See In re Estate of Washington*, 262 S.W.3d 903, 906–907 (Tex. App.—Texarkana 2008, no pet.) (removal for failure to file required accounts); *Kuck v. Dixon*, 127 S.W. 910, 912 (Tex. Civ. App. 1910, error ref'd) (failure to take action for series of years basis for removal). We conclude the probate court did not abuse its discretion in removing Aihara as administrator of the estate.

As to Aihara's complaint concerning the probate court's failure to enter findings of fact, a trial court has a mandatory duty to file properly requested findings of fact. *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The lack of findings is harmless, however, if the record affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). When the trial court announces its reasons for its ruling in open court, the appellant's ability to present the appeal is not harmed because there was no need to guess the reasons for the trial court's adverse ruling. *Culver v. Culver*, 360 S.W.3d 526, 538 (Tex. App.—Texarkana 2011, no pet.).

Assuming, without deciding, Aihara was entitled to findings of fact, the probate court announced its reasons for the ruling in open court, stating the case had been pending for too long without a significant change in the assets and there had been an improper accounting. The trial court's statements on the record clearly provided the basis of its ruling. On appeal, Aihara has not

explained how she was prevented from properly presenting the case to this Court. The probate court's error, if any, did not result in reversible error. *See* TEX. R. APP. P. 44.1.

We overrule Aihara's sole issue.

## CONCLUSION

We affirm the probate court's order removing Aihara as the administrator of the Estate of Brian Matsuo Sakima.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181288F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE ESTATE OF BRIAN MATSUO
SAKIMA, DECEASED

No. 05-18-01288-CV

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-11-03677-2.
Opinion delivered by Justice Schenck.
Justices Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the probate court's order removing Kathleen Aihara as the Administrator of the Estate of Brian Matsuo Sakima is **AFFIRMED**.

Judgment entered this 10th day of September, 2019.