

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00148-CV
_____

## IN RE: ESTATE OF LONIE WASHINGTON, DECEASED

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 91-12,236 CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

## I.     Factual and Procedural Background

Lonie Washington died in 1991, and his estate has been involved in litigation for many years.[1]  Washington was married at the time of his death, but had no children.  His will specifically named the relatives (aunts and uncles) whose children were to receive specified percentages of his estate.  He directed all assets to be sold and the money divided (apparently anticipating some disagreements amongst the family) in accordance with the stated percentages.

Washington determined the percentages "based upon my opinion of how much my aunts and uncles helped my mother and father and me and my brothers."  He also provided stringent requirements for taking, among other things requiring that only children living at the time of his death could take, that no spouse or other heir of any devisee could ever take under the will, and that only children of those aunts and uncles born under valid ceremonial wedlock could take under the will.

In this case, the petitioners filed a declaratory judgment action and thereafter a motion for summary judgment seeking several types of relief, including removal of Bobbie Washington (the widow) as the administrator.  The court signed an order removing Bobbie as administrator and

---

[1]Several appeals have been presented to the Court.  *In re Estate of Washington*, No. 06-96-00010-CV, 1996 Tex. App. LEXIS 4414 (Tex. App.—Texarkana Oct. 7, 1996) (not designated for publication), *op. on reh'g*, 1996 Tex. App. LEXIS 5333 (Tex. App.—Texarkana Dec. 3, 1996, writ denied); *In re Estate of Washington*, No. 06-08-00016-CV, 2008 Tex. App. LEXIS 2917 (Tex. App.—Texarkana Apr. 23, 2008, no pet.) (mem. op.); *In re Sylvester Gene Washington*, No. 06-98-00001-CV (Tex. App.—Texarkana Jan. 7, 1998, no pet.).

appointing a replacement administrator, but did not address any of the other matters set out in the pleading or motion. This order, entered after a hearing was conducted, did not reference either the motion for summary judgment or declaratory judgment petition. The judgment from which the appeal was brought does only two things: it orders the long-time administrator of the estate removed (the widow) and replaces her with a new administrator.

In her brief, the removed administrator does not attack the order on its merits. The arguments raised on appeal, which were also presented to the trial court by pleading, are all matters of avoidance—that the individuals who sought that relief had no standing to seek such relief, or that they had waited too long to seek it. The administrator also argued that no request for declaratory judgment may be considered by the trial court on the basis of lack of standing, laches, and the running of limitations.

Appeals brought to this Court must be from final judgments or appealable orders. We do not issue opinions globally applying the law to pending cases. We are prohibited from issuing an advisory opinion, the distinctive feature of which is that it decides an abstract question of law without binding the parties. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821 (Tex. 2000). Thus, we emphasize that our decision is based solely on the appeal before us.

## II.     Jurisdiction

As in most probate matters, the first question is whether this order is appealable. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195

3

(Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 192; *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

It is not clear that the order is a ruling on the motion for summary judgment. It states that it was entered after the matter was heard, after proper notice had been given. The county clerk has not included a copy of the court's docket. *See* TEX. R. APP. P. 34.5(a)(3).

Courts have often allowed appeals from an order removing an executor or administrator. *In re Estate of Miller*, 243 S.W.3d 831 (Tex. App.—Dallas 2008, no pet.); *Geeslin v. McElhenney*, 788 S.W.2d 683 (Tex. App.—Austin 1990, no writ); *see In re Finley*, 220 S.W.3d 608 (Tex. App.—Texarkana 2007, no pet.) (appeal from order removing guardian of estate).

Similarly, this Court held in an unpublished 2000 opinion that an order settling rights as executor is the end of a discrete phase of the probate proceeding and is thus final. *In re Estate of Spivey*, No. 06-98-00134-CV, 2000 Tex. App. LEXIS 35 (Tex. App.—Texarkana Jan. 5, 2000, no pet.) (not designated for publication). We stated that there were no ongoing proceedings relevant to that specific issue, and so the order was final. *See also In re Estate of Vigen*, 970 S.W.2d 597, 598 (Tex. App.—Corpus Christi 1998, no pet.); *Spies v. Milner*, 928 S.W.2d 317, 318 (Tex. App.—Fort Worth 1996, no writ).

Thus, under controlling authority, the September 4, 2007, order of the trial court removing Bobbie as administrator, directing her to prepare and file a final accounting for the fourteen years

that she administered the estate and to turn over records and assets to the new administrator, and appointing Kenneth O. Goolsby as successor administrator, is a final and appealable order under applicable standards of probate law.

### III. The Issue Presented

A facially final and appealable order, under the definitions of the Texas Probate Code, was entered by the trial court. It appears that it was not rendered based merely on the summary judgment pleadings, but after a hearing. A hearing was conducted concerning the administrator, as shown by two very short excerpts requested and filed by the appellee, and the existence of a hearing was acknowledged by the administrator in her motion for new trial, in which she complains about an "ambush" hearing.

We have, however, been provided by the appellee with an excerpt from the hearing that appears to dispose of this particular problem—on yet a different basis. The excerpt of the hearing conducted by Judge Ammerman appears to clarify that he is ruling not based on the petitioners' motion, but on his own authority sua sponte.[2]

> THE COURT: . . . Now, regardless of whether these people are totally unrelated to this case, I have the duty to oversee these files; and once it's brought to my attention, I have the authority on my own motion to do certain things. I made a ruling that Ms. Washington was a dependent administrator that means -- that kicks in under the law her duty to file her annual accountings and if somebody had walked in off the street and pulled out that file and pointed that out to me, I would tell them thank you very much.

---

[2]The court has explicit statutory authority to remove an administrator on its own motion. TEX. PROBATE CODE ANN. § 222 (Vernon Supp. 2008).

Ms. Washington is removed as the administrator, and I'm going to appoint -- she failed to follow her duty -- I'm going to appoint Ken Goolsby -- he's a local Certified Public Accountant -- to be the dependent administrator of this estate.

The alleged problems with the representative's administration of the estate were obviously brought to the court's attention by the petitioners.

The appellant has neither sought nor filed a reporter's record of the hearing. Appellate courts must base their decisions on the record as made and brought forward, not on a record that should have been made or that could have been made. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 411 (Tex. 1998). The controlling caselaw clearly states that, when a record is incomplete (and the rules on partial records do not apply—which they do not), we must presume that the missing portion of the record supports the factual determinations made by the fact-finder. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.).

It is unclear from the record whether the trial court granted this judgment as a summary judgment, trial on the merits, or whether it was an order based on the court's own motion. The appellant requests only that this Court find that petitioners had no standing to bring an action, or that limitations prevented their intervention in the probate proceeding. Appellant does not allege that the trial court did not have evidence to support a sua sponte order removing the administrator for failing to file the required accounts. *See* TEX. PROBATE CODE ANN. § 222(2). Upon proof of the failure to file the required accounts, the trial court had the authority to remove the administrator regardless of

6

the pleading of the petitioners. *Id.* At the hearing, the trial court recognized such authority and immediately announced the administrator's removal. No additional fact-findings were requested or entered. No challenge has been made that the trial court did not have an evidentiary basis for such removal. The decision to remove the administrator was a conclusion of law, and the judgment should be upheld on appeal if the order may be sustained on any legal theory supported by the evidence. *Pickelner v. Adler*, 229 S.W.3d 516, 524 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The issues of standing and statute of limitations were not adjudicated or necessary in order for the court to take this action; therefore, those issues are not relevant on this appeal.

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     August 15, 2008
Date Decided:       September 3, 2008