ACCEPTED
05-15-00432-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/5/2015 8:57:00 AM
LISA MATZ
CLERK

NO. 05-15-000432-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT
AT DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/5/2015 8:57:00 AM
LISA MATZ
Clerk

J. STACY DAVIDSON,
Appellant

v.

JUDYE GREMM,
Appellee

On Appeal from the Probate Court
Dallas County, Texas
Cause No. PR-09-3999-1
(Honorable Judge Peyton)

APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS PORTION OF
APPEAL

TO THE HONORABLE JUSTICES OF THE FIFTH CIRCUIT COURT OF APPEALS:

Appellant asks this Court to deny the Appellant's Motion to Dismiss Portion of Appeal
and allow the Appellant's Appeal to proceed before this Honorable Court as plead.

A. Introduction

1. Appellant is JOHN STACY DAVIDSON, former Independent Co-Executor of the Estate
of Friley S. Davidson. Appellee is Judye Gremm, former beneficiary of the Estate of Friley
S. Davidson, and now Administrator with Will Annexed of said Estate.

2. This appeal is taken from two Orders entered in the above referenced Probate Court for
Dallas County:

1

a. The Order Granting Motion for Partial Summary Judgment and Removing Independent Co-Executors, dated February 22, 2013, and

b. The Order Granting Motion for Judgment on Verdict and Motion for Judgment Non Obstante Veredicto, dated January 30, 2015.

## B. Facts and Procedural History

3. Friley Davidson died on December 10, 2009, leaving a valid written Will dated December 11, 2008.

4. The Application for Probate was filed immediately, December 14, 2009, and the Will was probated on December 30, 2009.

5. As both Co-Executors are, and remain, residents of Mississippi, the Court approved attorney David Bell as their registered agent in Texas.

6. On or about January 18, 2010, the Co-Executors, through counsel, sent their Rule 128A letter to the beneficiaries advising them that the Will had been entered into probate, that they were named beneficiaries, provided the names and addresses of the personal representatives, and provided them a copy of the Will and the Order Admitting the Will to Probate.

7. The Co-executors filed their rule 128A Affidavit on March 30, 2010 and their Inventory on May 20, 2010. The Inventory was approved on May 21, 2010, by the Honorable John B. Peyton.

8. Judye Gremm, a named beneficiary, filed a Petition to Remove Co-Executors on May 25, 2011.

9. Discovery proceeded in this matter under *Tex. R. Civ. P.* Rule 190.3. The discovery, however, that took place was narrow in scope, including Requests for Disclosure, oral

2

depositions of the Co-Executors only, and interrogatories propounded to the Plaintiff. Neither the other beneficiaries, nor the Plaintiff, were deposed.

10. Eventually, Judy Gremm filed her Plaintiff's Motion for Partial Summary Judgment on January 23, 2013, seeking removal of the Co-Executors for seven alleged breaches of the Texas Probate Code.

11. The alleged breaches were "evidenced" by the following attachments to that Motion, which constitutes the whole of the Plaintiff's evidence in support of Partial Summary Judgment:

    a. The Order Admitting Will to Probate and Authorized Letters Testamentary; Oaths of the Independent Co-Executors; the Inventory, Appraisement, and List of Claims; the Order Approving Inventory, Appraisement, and List of Claims; and the Affidavit of Compliance with Section 128A Texas Probate Code;

    b. The Last Will and Testament of Friley S. Davidson as admitted to Probate;

    c. The Affidavit of Keith Staubus; a demand letter for full disclosure; a copy of the Decedent's Comerica bank account statement; a demand letter for documentation reconciling the discrepancy between the Inventory and the bank account;

    d. Portions of the depositions of each Co-Executor;

    e. The Affidavit of L. Henry Alterman; his demand letter for an Accounting; a copies of the Appointment of Registered Agent, the Co-Executor's Application to Probate Will and for Letters Testamentary, and the Court's docket sheet showing that no proofs of publication or service had been filed with the Court.

12. On February 13, 2013, Defendant's filed their Response to Plaintiff's Motion for Partial Summary Judgment, contesting each of the alleged violations of the Texas Probate Code and including proper evidence in support thereof.

3

13. On February 22, 2013, the Honorable Brenda Hull Thompson, presiding over this matter at the time, entered the Order Granting Motion for Partial Summary Judgment and Removing Independent Co-Executors in the above captioned matter. (See **EXHIBIT A**).

14. This matter proceeded to trial on the issue of damages. A trial by jury was held on December 8, 2014 through December 10, 2014. Following the trial, on January 30, 2015, the court granted the Plaintiff's Motion for Judgment on Verdict and Motion for Judgment Non Obstante Veredicto.

15. The Defendant therein, Appellant herein, filed his Motion for New Trial on February 25, 2015, which was denied by the court on March 6, 2015. Appellant's Notice of Appeal followed on March 30, 2015.

16. Appellee filed the current Motion to Dismiss Portion of Appeal on April 16, 2015.

## C. Standard of Review

17. The Appellant asserts that an appellate court reviews questions of jurisdiction under Texas Rules of Appellate Procedure, Rule 42.3, *de novo. Saleh v. Hollinger*, 335 S.W.3d 368, 370 (Tex. App. – Dallas 2011)(citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## D. Argument and Authority

18. Respondent relies on *Eddins v. Borders*, 71 S.W.3d 368, 371 (Tex. App. – Tyler 2001, pet. denied) for the proposition that the Petitioner's Notice of Appeal, as to the Order Granting Partial Summary Judgment, is untimely, as said Notice was filed more than 30-days after the Order was entered. That case, however, is distinguishable from the present because *Eddins* involved the appeal of a summary judgment order, after which a severance was granted.

4

19. A full treatment of the "severance trap" is found in *Lehmann v. Har-Con Corporation,* 39 S.W. 3d 191 (Tex. 2001). The Court there found that partial summary judgments are not entitled to receive the "presumed disposition" treatment that conventional trials on the merits of a case receive. *Id.* This case also stands for the proposition that a partial summary judgment order may become a "final judgment" if severance occurred after the entrance of the order, wherein a separate cause of action was initiated as to the remaining claims.

20. Here, there was no severance. The order itself declares its own interlocutory nature. The case law strongly supports a finding of interlocutory status. Further, the Order granting the Partial Summary Judgment explicitly says that "JUDYE GREMM'S remaining claims against the Defendants are still pending in this proceeding." The Order itself declares its nature as an interlocutory judgment, and not as a final judgment on the merits.

21. Next, the Respondent relies on *In re Estate of Washington* for the assertion that an order removing a personal representative of an estate and appointing a successor is a final appealable order. 262 S.W.3d 903, 905 (Tex. App. – Texarkana 2008). That case is also distinguishable because there, the order removing the administrator was entered after a hearing on the matter. The court there noted specifically, "[i]t appears that [the order of removal] was not rendered based merely on the summary judgment pleadings, but after a hearing. A hearing was conducted concerning the administrator . . ." *Id.* at 906.

22. The Respondent further relies on *Pine v. Deblieux,* wherein the court implied that an order removing an executor, after a hearing on the matter, is a final appealable order. 360 S.W.3d 45, 46 (Tex. App. – Houston 2011). That court doesn't directly state that such orders, even after a hearing on the matter, are finally appealable, but cites *In re Estate of Vigen* for the proposition that "[a]n order settling someone's rights as an Executor is generally a final,

5

appealable Order." (Appellee's Motion to Dismiss at 3, para. 9)(citing *In re Estate of Vigen*, 970 S.W.2d 597, 599 (Tex. App. – Corpus Christi 1998). The court in *Vigen*, however, considered the removal of a representative due to a conflict of interest at the very beginning of the probate proceeding, thus preventing the Appellant from appointment as administrator. *Vigen*, 970 S.W.2d 597 at 598.

23. The *Vigen* court further supported its finding of finality by finding that "[t]here are no ongoing proceedings relevant to this issue, and no 'pleadings also part of that proceeding' concerning 'issues or parties not disposed of.'" *Id.* at 598 (citing *Spies v. Milner*, 928 S.W.2d 317, 318-319 (Tex. App. – Fort Worth 1996)).

24. The Petitioner asserts that these authorities are irrelevant to the case at bar. The Petitioner contends that, as a general principle, partial summary judgments orders are not entitled to receive the "presumed disposition" treatment that conventional trials on the merits of a case receive. *Lehmann*, 39 S.W.3d 191 at 191. More specifically, a partial summary judgment granted by a probate court is expressly an interlocutory under section 5(g) of the Probate Code and thus appeal is only proper once all of the issues have been decided in a Final Order. *In re Estate of Willett*, 211 S.W. 3d 364, 365 (Tex. App. – San Antonio 2006).

25. Further, the Petitioner contends that the "One Final Judgment Rule," as found in *Okumu v. Wells Fargo Bank, N.A.*, is applicable in this case. 2010 WL 87735 (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). The One Final Judgment Rule is made applicable in the probate context as, "[t]he probate court conducts its business in a continuing series of events. The nature of "administration" contemplates decisions to be made on which other decisions will be based. There must be a practical way to review erroneous, controlling, intermediate decisions before the consequences of the error do

6

irreparable injury." *Vineyard v. Irvin*, 855 S.W.2d 208, 210 (Tex. App. – Corpus Christi 1993)(citing *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex. App. – Fort Worth 1987)).

26. The Petitioner argues, however, that the language of these cases limits the operation of the probate exception to the "One Final Judgment Rule" to only those orders or judgments rendered as part of the *ongoing administration of the estate*. Looking to facts of those cases, they all involve specific transactions, such as the sale of certain estate property, that were controverted in the probate court. The court in *Vineyard* refers to the compound nature of the decisions made *during estate administration*, how one transaction entered into by the representative effects future transactions. The need for finality is thus necessary to prevent one bad transaction from leading to others and ultimately causing harm to the estate as an ongoing concern. The *Okumu* case illustrates this concept by its holding, "[t]he action of the court in confirming or disapproving a report of sale shall have the force and effect of a final judgment; and any person interested in the estate . . . shall have the right to have such decrees reviewed as in other final judgments in probate proceedings.

27. Therefore, the probate exception does not apply to Petitions for Removal of Executors, as such actions are not part of the normal, day-to-day decisions involved in the administration of estate affairs. Removal of representatives is of a different character entirely than that of the routine disposition of estate assets and affairs. The case law indicates the availability of appeal of court orders during the pendency of a probate proceeding in order to prevent the compounding of harmful transactions undertaken in the course of estate administration, not for the removal of the administrators themselves.

7

28. Such was the case in the current matter. The various orders of the Probate Court entered prior to the Petition to Remove the Co-Executors, filed by the Appellee herein, were properly appealable within 30 days of entrance. Instead, the Petition to Remove was filed.

29. Also, the action to remove the Independent Co-Executors was accompanied by a second motion for Partial Summary Judgment requesting damages related to the administration of the estate under the former Executors, including attorney's fees up to and including the removal of the Executors. This Motion resulted in the subsequent trial, beginning on December 08, 2014. The Appellant avers that this is indicative of the ongoing nature of the underlying Partial Summary Judgment removing the Co-Executors.

30. As such, the caselaw and facts at hand warrant the appeallability of the Order Granting Partial Summary Judgment and Removing the Independent Co-Executors of February 22, 2013.

**WHEREFORE, PREMISES CONSIDERED**, Appellant asks this Court to Deny the Appellee's Motion to Dismiss Portion of Appeal and allow the Appeal to go forward.

RESPECTFULLY SUBMITTED, this the 4th day of May, 2015.

/s/ James G. McGee, Jr.
James G. McGee, Jr.
State Bar of Texas Number 24051025
Email: jmcgee@mcgeetaxlaw.com
Law Office of James G. McGee, Jr. PLLC
6440 N. Central Expressway
Suite 203
Dallas, Texas 75206
Phone: (214) 706-9929
Fax: (214) 706-9956

**ATTORNEY FOR APPELLANT
JOHN STACY DAVIDSON**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing was served upon P. Keith Staubus, attorney for Appellee via electronic service at pks@srllp.com on May 4, 2015.

/s/ James G. McGee, Jr.

James G. McGee, Jr.
State Bar of Texas Number 24051025
Email: jmcgee@mcgeetaxlaw.com
Law Office of James G. McGee, Jr. PLLC
6440 N. Central Expressway
Suite 203
Dallas, Texas 75206
Phone: (214) 706-9929
Fax: (214) 706-9956

# EXHIBIT A

CAUSE NO. PR-09-3999-1

| IN THE ESTATE | § | IN THE PROBATE COURT |
| | § | |
| FRILEY S. DAVIDSON, | § | OF |
| | § | |
| DECEASED | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AND REMOVING INDEPENDENT CO-EXECUTORS

On the 21st day of February, 2013, came on to be considered the Plaintiff's Motion for Partial Summary Judgment. After considering the Motion, the Defendants' Response, and the timely filed summary judgment proof, the Court makes the following findings:

1. The Independent Co-Executors failed to return within ninety (90) days after qualification ~~an~~ *Accurate and Complete* Inventory of the property of the Estate and List of Claims that came into their knowledge or an Affidavit In Lieu of the Inventory, Appraisement and List of Claims;

2. Sufficient grounds appear to support the belief that the Independent Co-Executors have misapplied ~~or embezzled~~ *or mismanaged*, or that they are about to misapply or ~~embezzle~~ *mismanaged*, all or ~~any~~ part of the property committed to their care;

3. The Independent Co-Executors failed to make an accounting which was required by law, being Texas Probate Code §149A, to be made;

4. The Independent Co-Executors failed to timely file the Affidavit or Certificate required by Section 128A of the Texas Probate Code; *The Independent Co-Executors, as of Feb. 21, 2013 have failed to comply with §294 and §295 of the Texas Probate Code.*

5. The Independent Co-Executors have been proved to have been guilty of ~~gross misconduct~~ ~~or~~ gross mismanagement in the performance of their duties;

6. The Independent Co-Executors have become incapable of properly performing the Independent Co-Executors' fiduciary duties due to a material conflict of interest;

7. The Partial Summary Judgment should be granted.

PR-09-03999-1
CODR
ORDER
28308

IT IS, THEREFORE, ORDERED AND DECREED that L. STACY DAVIDSON and JOHN STACY DAVIDSON are hereby removed as Independent Co-Executors of this Estate.

IT IS FURTHER ORDERED that all Letters Testamentary issued to L. STACY DAVIDSON and JOHN STACY DAVIDSON shall be surrendered and that all Letters Testamentary are hereby cancelled of record.

IT IS FURTHER ORDERED that JUDYE GREMM'S remaining claims against the Defendants are still pending in this proceeding.

SIGNED this 22nd day February, 2013.

_____
JUDGE PRESIDING