**DISMISS in Part, AFFIRM in Part; and Opinion Filed August 11, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00432-CV

## IN THE ESTATE OF FRILEY S. DAVIDSON, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-09-3999-1**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and O'Neill[1]
Opinion by Justice O'Neill

Appellant J. Stacy Davidson, a former co-executor of the estate of Friley Davidson, challenges two orders signed by the trial court: (1) a partial summary judgment removing appellant as co-executor, and (2) an order denying appellant's motion for new trial following a jury trial on the issue of damages.[2] Appellant argues that his appeal of the summary judgment is timely, his removal was improper, and the trial was undermined by incurable jury argument. We conclude the summary judgment appeal is untimely, so we dismiss the appeal insofar as it argues appellant's removal as co-executor was improper. We affirm the trial court's judgment.

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] Friley Davidson had named his father, L. Stacy Davidson, and his brother, J. Stacy Davidson, as co-executors of his estate. Both co-executors were removed by the summary judgment order appealed in this action. Only J. Stacy Davidson appeared at the trial on damages, and he is the only appellant before this Court.

## Background

Friley Davidson died in December 2009; his father and appellant were named co-executors of his estate that same month. In May 2011, appellee Judye Gremm—who was a devisee of Friley's will—filed, and subsequently amended, a motion to remove the co-executors from office. The motion also sought to recover damages, costs, and attorney's fees and to have Gremm replace the co-executors. Gremm filed a motion for partial summary judgment on her request to remove the co-executors; the motion was granted by order dated February 22, 2013 (the February 22 Order).[3]

On July 12, 2013, the trial court granted Gremm's application and appointed her Dependent Administrator with Will Annexed. In that capacity, she intervened in the proceeding she had initially brought personally to remove the co-executors. In October of the following year, when the case was specially set for trial, appellant raised his first challenge to the February 22 Order by filing his Motion for Reconsideration of Partial Summary Judgment and Motion to Modify Discovery Control Plan. The trial court did not grant the motion, but the trial was re-set for December.

Following trial, the jury returned a verdict in favor of Gremm.[4] The trial court signed its judgment awarding Gremm $202,747.88 in actual damages, attorney's fees through trial of $111,266.27, conditional appellate attorney's fees, interest, and costs. Appellant filed his motion for new trial addressing the trial court's judgment but not the February 22 Order; the motion was denied.

This appeal followed.

---

[3] Two months later, Gremm filed a second partial motion for summary judgment, seeking damages, reimbursement of expenses, and attorney's fees. Both former co-executors responded to the motion, but it appears the matter was referred to arbitration, and neither our record nor the trial court's docket sheet indicates a ruling was made on the second motion

[4] The single issue that did not favor Gremm was the jury's refusal to award conditional attorney's fees for her in the event of appeal. The trial court granted judgment notwithstanding the verdict for Gremm on that issue, and appellant has not challenged that portion of the judgment.

**The Motion to Dismiss:  Whether the February 22 Order is Appealable**

Shortly after appellant filed his notice of appeal, Gremm filed a motion to dismiss the portion of the appeal challenging the co-executors' removal as untimely.  Gremm argued the February 22 Order was final and appealable under Texas law, and—because appellant did not challenge that order for more than two years—the portion of the appeal dedicated to appellant's removal should be dismissed.  Appellant filed a response to the motion to dismiss, arguing the February 22 Order was not final and appealable until the "ongoing" matters of damages and attorney's fees were resolved in the December 2014 trial.  We deferred ruling on the motion to dismiss and instructed the parties to address in their briefs to the Court whether the February 22 Order is appealable.  Accordingly, in his first issue, appellant contends the February 22 Order is appealable in this proceeding because it left related claims pending in the underlying probate matter.

Probate orders are an exception to the rule that there may be only one final judgment in a case.  *De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006).  In probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues."  *Lehmann v. Har-Con Corp.* 39 S.W.3d. 191, 192 (Tex. 2001).  These exceptions to the one-judgment rule are necessary because of the need to "review controlling, intermediate decisions before an error can harm later phases of the proceeding."  *In re Guardianship of Miller,* 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.) (citing *De Ayala,* 193 S.W.3d at 578).  The supreme court has instructed us to evaluate the finality of an order (1) by determining whether the order represents the adjudication of a "substantial right," and (2) by determining whether the order disposes of all issues in the phase of the proceeding for which it was brought.  *De Ayala*, 193 S.W.3d at 578.[5]

---

[5] The *De Ayala* court instructed that an "express statute . . . declaring the phase of the probate proceedings to be final and appealable" would, of course, control our analysis.  193 S.W.3d at 578.  No such statute applies in this case.

–3–

The finality of an order is a legal question we review de novo. *Guardianship of Miller*, 299 S.W.3d at 184.

This Court and other Texas courts have allowed appeals from orders removing an executor or estate administrator. *Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.) (citing *In re Estate of Miller,* 243 S.W.3d 831 (Tex. App.—Dallas 2008, no pet.); *In re Estate of Washington,* 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.); *Geeslin v. McElhenney,* 788 S.W.2d 683 (Tex. App.—Austin 1990, no writ)). Considering the record in this case, it is apparent that removal of the co-executors represented the adjudication of a substantial right of those co-executors. *See, e.g., Spies v. Milner*, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth 1996, no writ) (disqualification of executrix adjudicated her substantial right to serve and was final, appealable order); *see also In re Estate of Boren*, 268 S.W.3d 841, 845 (Tex. App.—Texarkana 2008, pet. denied) ("The right to serve as the executor of an estate is a 'substantial right' and a denial of that right is a final and appealable order."). Moreover, we have stated that an order removing an estate administrator is appealable because it "brings to a conclusion a discrete phase of the probate proceeding." *Kirkland*, 391 S.W.3d at 655.

Appellant stresses that when he was removed as co-executor, Gremm's requests to replace him as administrator and to recover damages were still pending. That is correct. But if appellant's legal argument is correct—and he should not have been removed—then a timely appeal would have mooted both of those pending issues. The parties and the trial court would have been spared the time and cost involved in appointing a replacement administrator and in trying the issue of damages. This is precisely why we require timely appeal of such issues: so the appellate court can identify any error in a controlling, intermediate decision before that error causes harm in later phases of the proceeding. *See Guardianship of Miller,* 299 S.W.3d at 184. We conclude the trial court's February 22 Order removing appellant as a co-executor of the

–4–

estate was final and appealable. By failing to appeal that order in a timely fashion, appellant waived his challenge to it.

We grant Gremm's motion to dismiss appellant's challenge to his removal as co-executor, and we dismiss that portion of the appeal for lack of jurisdiction. We overrule appellant's first issue. Given this disposal of his first issue, we need not address appellant's second issue challenging his removal as co-executor.

### Incurable Jury Argument

In his third issue, Davidson argues the trial court erred by denying his motion for new trial because Gremm's counsel, Keith Staubus, engaged in incurable jury argument. The argument at issue involved Gremm's damages claim for household furnishings that she alleged were taken improperly by the co-executors; the specific furnishings addressed were oriental rugs that had belonged to Friley Davidson. Gremm alleged that the co-executors had charged the estate thousands of dollars for cleaning the rugs, purchasing new rug pads, and shipping the rugs to themselves, and then they had kept the rugs for themselves. This issue was controverted throughout the parties' litigation. However, in his closing argument to the jury, appellant's attorney stated the following:

> We're going to shift gears a little bit now and this may surprise the Court, but we got something we agreed on. The plaintiff's damage claim was $4,468 related to the rugs. This is item 4 on the summary. The rugs were shipped to Dr. Davidson's address in Oxford, Mississippi. The proof's come out; we've all seen it.

> What happened in the trial during cross-examination by Mr. Staubus, the defendant Stacy Davidson agreed that the evidence demonstrates that Dr. Davidson probably should have paid for the cleaning and pads, not the estate, since the rugs were shipped to Dr. Davidson's personal residence. As such, Mr. Davidson agreed that the estate was damaged by $4,468 because Dr. Davidson has yet to reimburse the estate for these expenditures. Wow, attorneys agree on something.

> So basically, Mr. Davidson[']s taken that off the table and said you know what, we probably should have paid for that.

–5–

Some minutes later, when Staubus addressed the issue of the rugs in his own closing, he spoke with apparent frustration:

> Now, the Armen rugs: Thank you five years later for finally admitting for the first time you did something wrong. Yeah, you had to sue me for it for five years and incur all these attorney's fees, and yeah, I was wrong on that one. He's known about that, both of the executors have known about that for five years. They said on their depositions and got grilled about it three years ago. And today is the first time they're realizing it; say yeah, that was wrong. *We stole money out of the estate and we used it to pay for personal benefit.* And yeah, well you know what we do owe all that after all. (Emphasis added.)

The emphasized statement forms the basis of appellant's complaint. He argues it was improper for Staubus to implicate appellant was guilty of criminal conduct in this civil proceeding that is governed by entirely different procedures and burdens of proof.

Ordinarily, error concerning improper jury argument must be preserved by a timely objection that is overruled by the court. *Living Ctrs. of Tex. v. Penalver,* 256 S.W.3d 678, 680 (Tex. 2008) (per curiam). Appellant did not object to the above-quoted use of the word "stole" until all closing arguments were completed. Because this untimely objection did not give the trial court the opportunity to cure any error through an instruction to the jury, appellant failed to preserve his objection.

Appellant argues, however, that the jury argument at issue was not merely improper: it was incurable. Therefore, including his complaint in his motion for new trial was sufficient to preserve it for our review. *See* TEX. R. CIV. P. 324(b)(5). But incurable jury argument is rare. *See Living Ctrs. of Tex.,* 256 S.W.3d at 681. An appellant must show that "the argument by its nature, degree, and extent constituted such error that an instruction from the court or retraction of the argument could not remove its effects." *Id.* at 680–81; *see also Nguyen v. Myers*, 442 S.W.3d 434, 442 (Tex. App.—Dallas 2013, no pet.) (required showing is "that the probability the improper statement caused harm is greater than the probability the verdict was grounded on the proper proceedings and evidence"). The party claiming incurable harm must persuade the court

–6–

that, based on the record as a whole, the offensive argument was so extreme that a "juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument." *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (quoting *Goforth v. Alvey,* 271 S.W.2d 404, 404 (1954)).

Incurable jury argument has been found in arguments that (1) appeal to prejudice, (2) make unsupported, extreme, and personal attacks on opposing parties and witnesses, and (3) accuse the opposing party of manipulating a witness without evidence of witness tampering. *Living Ctrs. of Tex.,* 256 S.W.3d at 681. The supreme court has stated "incurable argument is that which strikes at the very core of the judicial process." *Phillips*, 288 S.W.3d at 883. On its face, Staubus's one-time use of the word "stole" does not appear to be of this "same class of impropriety." *See id.* However, we are unable, on the record before us, to make a proper analysis of counsel's remark. To establish that an argument was incurable, the appellant must explain why opposing counsel's argument was incurable "based on an evaluation of the whole case, from voir dire to closing argument." *See Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 707–08 (Tex. App.—Dallas 2008, no pet.) (citing *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001)). We must consider the record as a whole to determine whether the argument was so extreme as to be incapable of cure. *See Phillips*, 288 S.W.3d at 883.

In this case, though, we do not have a complete record. Appellant has brought forward only excerpts of the record, including his own testimony, the testimony of expert witness Nathan Griffin, and the closing arguments. Our review of this portion of the record does not persuade us the argument at issue was incapable of cure. And "[w]hen confronted with an incomplete record, we presume the omitted portions are relevant to the appeal and the evidence contained within the omitted portions of the record support the trial court's judgment." *Imagine Auto. Group v.*

*Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 632 (Tex. App.—Dallas 2014, pet. denied). We conclude appellant has not established that opposing counsel's jury argument was incurable.

We overrule appellant's third issue.

**Conclusion**

We dismiss the appeal from the trial court's February 22, 2013 partial summary judgment order. We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

150432F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE ESTATE OF FRILEY S.
DAVIDSON, DECEASED

No. 05-15-00432-CV

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-09-3999-1.
Opinion delivered by Justice O'Neill.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the appeal from the trial court's February 22, 2013 partial summary judgment order is **DISMISSED**, and the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Judye Gremm recover her costs of this appeal from appellant J. Stacy Davidson.

Judgment entered this 11th day of August, 2016.