

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00421-CV

IN THE ESTATE OF JOE PAT GARY, DECEASED

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2015-778,936, Honorable Judy Parker, Presiding

March 8, 2017

ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On February 8, appellant, Linda Bohannon Gary, filed an "Emergency Motion to Suspend Enforcement of 'Order on Motion for Turnover' Pending Appeal." By this motion, Gary contends that the trial court abused its discretion by failing to set the type and amount of security for a supersedeas bond during the appeal. On February 9, this Court ordered the trial court's February 3 turnover order stayed pending further order of this Court. We will deny the motion and lift our prior stay.

A review of the record reflects that Gary filed two motions that requested the trial court determine the security necessary to suspend enforcement of the trial court's

judgment. However, the record does not reflect that these requests were ever brought to the attention of the trial court. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (a "trial court is not required to consider a motion unless it is called to the trial court's attention"); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (movant must show matter was brought to the attention of the trial court and the trial court failed or refused to rule). Furthermore, the record of the hearing on motion for turnover and to show cause reflects that Gary argued that she cannot post a supersedeas bond until the trial court signs a final judgment, which, according to Gary, has yet to occur in this case.[1] Nonetheless, Gary then filed the instant emergency motion with this Court requesting that we order the trial court to do precisely what Gary told the trial court it could not do. *See In re S.T.*, No. 02-15-00203-CV, 2015 Tex. App. LEXIS 12799, at *4 (Tex. App.—Fort Worth Dec. 17, 2015, no pet.) (doctrine of invited error prohibits a party from convincing a trial court to take a particular action and then convincing an appellate court that the trial court's action was erroneous). Consequently, we cannot conclude that the trial court has abused its discretion by failing to set the type and amount of security necessary to suspend enforcement of its order when the record does not reflect that the request has been brought to the attention of the trial court and when Gary specifically argued that it was premature for the trial court to set a supersedeas bond in this case.

---

[1] While there is no final judgment resolving all issues between all parties, in the context of probate proceedings, there can be multiple "final" judgments for purposes of appeal. *See Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.). One such order that may be appealable is an order removing an estate administrator. *Id.* (citing *In re Estate of Miller*, 243 S.W.3d 831, 839 (Tex. App.—Dallas 2008, no pet.); *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.); and *Geeslin v. McElhenney*, 788 S.W.2d 683, 684 (Tex. App.—Austin 1990, no writ)).

2

For the foregoing reasons, by Order of the Court, Gary's "Emergency Motion to Suspend Enforcement of 'Order on Motion for Turnover' Pending Appeal" is denied without prejudice. This Court's February 9 stay of enforcement of the trial court's February 3 turnover order is removed.

Per Curiam