**Dismissed and Memorandum Opinion filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00495-CV

---

## IN THE ESTATE OF ROSE FARHA NUNU, DECEASED

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 416,781**

---

### M E M O R A N D U M     O P I N I O N

Before us for the third time is a continuing dispute between siblings concerning the probate of their mother's estate. *See In re Estate of Nunu*, 542 S.W.3d 67 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("*Nunu I*"); *In re Nunu*, No. 14-17-00106-CV, 2017 WL 1181364 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, orig. proceeding [mand. denied]) (per curiam) (mem. op.) ("*Nunu II*").[1]  In this appeal, Paul Nunu challenges three trial court orders that (1) accepted

---

[1] Because of the importance of the chronology of events in the trial court, we identify *Nunu I* and *Nunu II* by the date the proceeding was filed rather than the date the opinion issued.

the conditional resignation of Paul's sister Nancy Nunu Risk as independent executrix and appointed third party Howard M. Reiner as successor dependent administrator; (2) overruled Paul's objections both to the creation of a dependent administration and to Reiner's appointment; (3) denied Paul's application to be appointed as successor independent executor; and (4) denied his motion to compel an accounting from Nancy. Because Paul's appeal of the trial court's first order is untimely and the trial court's second and third orders are partly refusals to reconsider the first order and partly non-appealable interlocutory rulings on new matters, we dismiss the appeal for want of jurisdiction.

## I. *NUNU I*

In *Nunu I*, Paul alleged that his sister Nancy, in her capacity as independent executrix of their mother's estate, had committed breach of fiduciary duty, negligence per se, gross negligence, gross mismanagement, gross misconduct, and fraud. *Nunu I*, 542 S.W.3d at 72. He asked the trial court to remove Nancy as independent executrix of their mother's estate, compel distribution of the estate, award him exemplary damages, declare Nancy's inheritance forfeit, declare Nancy's attorneys' fees forfeit, and enforce an alleged partition agreement. *See id.* at 72–73. On the third day of the jury trial, Paul nonsuited his claims to remove Nancy or to enforce the forfeiture in his mother's will, reserving only his claims to compel distribution of the estate and to contest and seek forfeiture of Nancy's attorneys' fees. *Id.* at 72. Regarding Paul's motions to compel distribution of the estate, we noted that "unless the court finds a continued necessity for administration of the estate, the court shall order its distribution by the independent executor to the persons entitled to the property." *Id.* at 85 (quoting Act of May 29, 1987, 70th Leg., R.S., ch. 565, § 1, 1987 TEX. GEN. LAWS 2246, 2246 (amended 2011 and 2013) (current version at TEX. EST. CODE § 405.001(b))).

2

In response to Paul's second application to compel distribution, the trial court failed to find a continued necessity for administration. *See id.* at 86. On November 2, 2017, we affirmed that portion of the judgment, but held that the trial court erred in failing to rule on the extent to which Nancy's expenses and legal fees incurred in the removal action are to be paid from the estate's assets and in failing to order distribution of the estate in accordance with the terms of the will. *See id.* at 89. We remanded the case to the trial court with instructions to the trial court (1) to determine the amount of Nancy's reasonable and necessary expenses and attorneys' fees incurred in that action to be paid from the estate's assets; (2) to authorize Nancy to make such payments from the estate's assets and to order her to reimburse the estate to the extent that her expenses and legal fees incurred in that action and already paid with estate funds exceeds the amount of reasonable and necessary expenses and fees found by the trial court; (3) to compel distribution of the estate in accordance with the will of Rose Farha Nunu; and (4) if any portion of the estate is incapable of distribution without prior partition or sale, to order partition and distribution, or sale, in the manner provided for the partition and distribution of property incapable of division in estates administered under the county court's direction.[2] *Id.* at 89–90. We further pointed out that the trial court is not required to compel distribution of the estate's assets in accordance with the terms of any partition or settlement agreement that had not been signed by all of the estate's beneficiaries. *See id.* at 87. After the denial of Paul's motion for rehearing and his petition for review to the Supreme Court of Texas, our mandate issued in that case on May 17, 2018.[3]

---

[2] *See* Act of May 29, 1987, 70th Leg., R.S., ch. 565, § 1, 1987 TEX. GEN. LAWS 2246, 2246 (amended 2011 and 2013) (current version at TEX. EST. CODE § 405.001(b)).

[3] The trial court rendered the orders at issue in this appeal before we ruled in *Nunu I*, and the trial court's compliance with the mandate in that case already may have rendered this appeal moot; however, the parties have not briefed the issue and the record contains insufficient

3

## II. THE TRIAL COURT'S ORDERS AND *NUNU II*

In the meantime, however, events had taken a different course in the trial court. The trial court signed three orders, each of which addressed at least one document filed by Paul containing various objections, applications, or motions. For clarity and consistency, we refer to these documents respectively as the trial court's First, Second, and Third Orders, which respectively addressed Paul's First, Second, and Third Objections.

### A.    Paul's First Objections and the Trial Court's First Order

While the appeal of *Nunu I* was pending, Nancy applied to the trial court to resign as independent executrix on the condition that she or a qualified third party be appointed as dependent administrator of the estate. Paul responded by filing his First Objections.[4]

In his First Objections, Paul argued that Nancy had not supported her conditional resignation with a verified accounting as required by Texas Estates Code section 361.001. *See* TEX. EST. CODE ANN. § 361.001 (West 2014) ("A personal representative who wishes to resign the representative's trust shall file a written application with the court clerk, accompanied by a complete and verified exhibit and final account showing the true condition of the estate entrusted to the representative's care."). Although this section addresses the documents to be included in a personal representative's application to resign, Paul nevertheless asked the trial court to accept Nancy's resignation, characterizing his objection instead as an objection to the appointment of a dependent administrator.

---

information for us to address it independently. Because we conclude that we lack jurisdiction over this appeal, mootness would not change the result.

[4] This is Paul's "Objection to Application for Dependent Administration and Objection to Re-appointment of Nancy Risk," filed December 6, 2016.

4

In addition, Paul argued that the application to resign and for appointment of a successor dependent administrator violated (1) the part of his mother's will that provided, "I direct that no action shall be taken in any court in the administration of my estate other than probating and recording of this Will and the return of an inventory appraisement and list of claims of my estate"; (2) the terms of the final judgment rendered on November 27, 2012, which similarly stated, "It is ORDERED that . . . no other action shall be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required by law"; and (3) Texas Estates Code section 401.001(a), which authorizes an independent administration. *See id.* § 401.001(a).[5] Paul further argued that the application interfered with this Court's jurisdiction in the then-pending *Nunu I* because it potentially would moot the appeal by disposing of estate assets before that appeal was decided.[6] Regarding Nancy's request to be reappointed as successor dependent administrator, Paul objected on the same grounds that were later decided against him in *Nunu I*.[7]

On January 12, 2017, the trial court signed an order accepting Nancy's conditional resignation and appointing third party Howard M. Reiner as dependent administrator ("the First Order").

---

[5] This section was effective after Rose Farha Nunu's death. *See instead* Act of May 27, 1977, 65th Leg., R.S., ch. 390, § 3, 1977 TEX. GEN. LAWS 1061, 1061.

[6] Nancy's application to resign and her application for appointment of a successor dependent administrator addressed only the identity of the estate's future personal representative; it did not address the disposition or disbursement of estate assets.

[7] Paul argued that Nancy was guilty of self-dealing, violated Texas Estates Code section 405.002(b), and failed to honor an agreement with the heirs for the partition of the estate's real property. We explained in *Nunu I* that Paul non-suited with prejudice—and thus, could not relitigate—his claims against Nancy for allegedly diverting estate assets, breaching her fiduciary duties, and violating Texas Estates Code 405.002(b). *See Nunu I*, 542 at 84–85. We further explained in *Nunu I* that it is undisputed that Nancy refused to sign the partition agreement Paul drafted, and thus, the trial court was not required to compel distribution of the estate in accordance with the unsigned agreement. *Id.* at 87.

5

**B.**     **Paul's Second Objections and the Trial Court's Second Order**

One week after the trial court granted Nancy's resignation and appointed Reiner, Paul filed his Second Objections, in which he moved for a rehearing of the trial court's First Order.[8]  Paul again objected that Nancy's application to resign was fatally defective for failing to include a verified final account.  He also argued that the Texas Estates Code section 404.005 authorizes the appointment of a successor independent executor but does not authorize the appointment of a successor dependent administrator.[9]  He argued that the only relief that the trial court had discretion to grant in response to Nancy's applications was to condition the acceptance of her resignation on a satisfactory accounting and to appoint Paul as successor independent executor.[10]  On the other hand, Paul also argued that the appointment of a successor to Nancy was time-barred under Texas Estates Code section 301.002—an argument that, if correct, also would bar his own appointment.  *See* TEX. EST. CODE ANN. § 301.002 (West Supp. 2017) (with certain exceptions, "an application for the grant of letters testamentary or of administration of an estate must be filed not later than the fourth anniversary of the decedent's death").[11]  In addition, Paul applied for the first time to be appointed as successor independent executor.

---

[8] Paul's Second Objections, which were filed on January 19, 2017, were titled, "Motion for Rehearing of Application for Dependent Administration."

[9] *See* TEX. EST. CODE ANN. § 404.005 (West 2014).  Nancy did not rely on this section in her application for appointment of a successor dependent administrator.

[10] Paul had not previously applied to be appointed as successor independent executor upon Nancy's resignation.

[11] Section 301.002 is in Subtitle G of the Estate Code, titled, "*Initial* Appointment of Personal Representative and Opening of Administration" (emphasis added).  Such letters were timely granted to Nancy, the person initially appointed as the estate's personal representative.

6

Nancy filed a response in which she asserted that letters testamentary already had been issued to her and that the Texas Estates Code does not require letters testamentary to be issued to a successor personal representative within four years of the decedent's death. As for appointing Paul as successor independent executor, Nancy pointed out that all of the estate's distributees had not agreed to his appointment. *See id.* § 404.005(a) (West 2014) (stating that if no independent executor or successor named in the will is willing to serve as a successor independent executor, then *"all* of the distributees of the decedent" may apply to the probate court for an order appointing a qualified person, firm, or corporation as successor independent executor) (emphasis added).

On February 3, 2017, the trial court signed the Second Order, in which it denied Paul's Second Objections "in all respects."

## C. The Mandamus Proceeding: *Nunu II*

Five days after the trial court signed the Second Order, Paul challenged the trial court's First Order through a petition for a writ of mandamus. *See Nunu II,* 2017 WL 1181364, at *1. In our opinion in that case, we pointed out that one seeking mandamus relief must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *Id.* Because Paul failed to establish that one or both of these requirements were met, we summarily denied the petition on March 30, 2017. *Id.*

## D. Paul's Third Objections and the Trial Court's Third Order

While *Nunu II* was pending, Paul filed his Third Objections.[12] In this filing, he objected to Reiner's appointment on the ground that Reiner had not filed an oath

---

[12] This document, filed on March 7, 2017, was titled, "Objection to Howard M. Reiner, Administrator and Application to Appoint Paul E. Nunu."

7

and bond within twenty-one days of the order granting letters testamentary or of administration, which he contended was required by Texas Estates Code sections 305.003 and 305.004.[13]  Citing Texas Estates Code section 305.110 and 361.051, Paul asked the trial court to remove Reiner without notice and to appoint a new personal representative.[14]  Paul additionally argued that under Texas Estates Code section 361.103, the trial court was required to remove Reiner and to appoint Paul because Paul had a prior right to letters testamentary or of administration.[15]  Paul further asserted that the trial court had abused its discretion in appointing a third party, describing himself as a qualified person with a prior right under Texas Estates Code section 304.001.[16]  In the same motion, Paul argued for the third time that the Texas Estates Code requires an application to resign to be accompanied by a verified final accounting.  He therefore asked the trial court to compel an accounting from Nancy.  There is no response to Paul's Third Objections in the record.

---

[13] *See* TEX. EST. CODE ANN. §§ 305.003–.004 (West 2014).

[14] *See id.* § 305.110 ("Another person may be appointed as personal representative to replace a personal representative who at any time fails to give a bond as required by the court in the period prescribed by this chapter."); *id.* § 361.051(1) ("The court, on the court's own motion or on the motion of any interested person, and without notice, may remove a personal representative appointed under this title who . . . neglects to qualify in the manner and time required by law . . . .").

[15] *See id.* § 361.103 (requiring a trial court to revoke letters testamentary or of administration and grant letters to a second applicant if the second applicant is qualified, has a prior right to the letters, and has not waived the prior right).

[16] *See id.* § 304.001 (letters are to granted to persons qualified to act in the following order: (1) the executor named in the decedent's will; (2) the decedent's surviving spouse; (3) the principal devisee of the decedent; (4) any devisee of the decedent; (5) the decedent's next of kin; (6) a creditor of the decedent; (7) any applicant of good character residing in the county; (8) any other person not disqualified under section 304.003; and (9) any appointed public probate administrator).

Ten days after Paul filed his Third Objections, Reiner filed his oath and bond,[17] and the trial court approved the bond shortly thereafter. On May 25, 2017, the trial court signed the Third Order, which denied Paul's Third Objections "in all respects." Less than thirty days later, Paul filed a notice of appeal attempting to challenge the trial court's First, Second, and Third Orders.

## III. THIS APPEAL: *NUNU III*

In his first issue, Paul contends that the trial court's First Order accepting Nancy's resignation and appointing Reiner is void or voidable. In his second issue, he contends that the trial court erred in rendering its First Order appointing Reiner as successor dependent administrator because the appointment violates the statute governing the order of appointments. Under the same heading, Paul implicitly challenges the trial court's Second and Third orders by arguing that the trial court erred in denying his application for appointment as successor independent executor. In his third issue, Paul challenges the trial court's Third Order to the extent that it denied the portion of his requests that the trial court remove Reiner for failing to timely qualify.

On May 31, 2018, we notified the parties of our intent to dismiss the appeal for want of jurisdiction unless, within ten days of the notice, a response was filed demonstrating grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). In his response, Paul argues that the trial court's First Order cannot be a final judgment for two reasons.

---

[17] *See id.* § 305.003(2) (providing that an oath may be taken and subscribed any time before the letters testamentary or of administration are revoked for the failure to qualify within the time allowed); *id.* § 305.004(a)(2) (similarly providing that a bond may be filed with the clerk any time before the letters testamentary or of administration are revoked for failure to timely qualify).

9

First, Paul contends that by denying his petition for a writ of mandamus in *Nunu II*, "this Court impliedly found an 'adequate remedy by appeal' existed . . . so the January 12, 2017 order could not be a final judgment."[18] Mandamus relief will be denied if the relator fails to show *either* that (1) the relator lacks an adequate remedy by appeal, or (2) the trial court clearly abused its discretion. We stated in *Nunu II* only that Paul "has not established that he is entitled to mandamus relief."[19] It is not possible to determine from this language whether we concluded that Paul failed to establish the absence of an adequate remedy by appeal, a clear abuse of discretion, or both. *Nunu II* offers no guidance in deciding the jurisdictional issue before us.

We do not, however, write on a clean slate. Many courts—including this one—have treated an order appointing an estate's personal representative as a final judgment for the purpose of appeal. *See, e.g.*, *In re Estate of Arizola*, 401 S.W.3d 664, 670 (Tex. App.—San Antonio 2013, pet. denied) ("[A]n order appointing an administrator ends a phase of the proceedings in resolving the issue of who will represent the estate."); *In re Estate of Gober*, 350 S.W.3d 597, 598–99 & nn. 1 & 2 (Tex. App.—Texarkana 2011, no pet.) (construing an order as appointing an administrator and noting the order was appealable); *Guyton v. Monteau*, 332 S.W.3d 687, 690 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (treating as a final judgment the trial court's order appointing a third-party successor administrator and denying daughter's application for appointment as successor administratrix); *Pine v. deBlieux*, 360 S.W.3d 45, 46–47 & n.1 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (noting that an order accepting initial administrator's resignation and appointing a successor administrator is appealable); *Eastland v. Eastland*, 273

---

[18] Bold and italics removed.

[19] *Nunu II*, 2017 WL 1181364, at *1.

S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that an order appointing an executor is appealable); *In re Estate of Washington*, 262 S.W.3d 903, 905–06 (Tex. App.—Texarkana 2008, no pet.) (trial court's order removing administrator, requiring a final accounting, and appointing a successor administrator is a final, appealable order); *see also* TEX. EST. CODE ANN. § 351.053 (West 2014) (stating that an appointee shall continue to act as an administrator "[p]ending an appeal from an order or judgment appointing an administrator"). Paul neither attempts to distinguish authorities such as these nor advances any reason for us to depart from our own precedent.

Second, Paul argues that the First Order is interlocutory under *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (sub. op. on denial of reh'g). In *Brittingham-Sada de Ayala*, the Texas Supreme Court explained that probate cases are an exception to the general rule that there is but one final judgment in a case. *Id.* at 578. The court reaffirmed its holding in *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995), that whether the order adjudicates "a substantial right" is one factor to be considered in determining whether the probate order is final, but equally important is the precedent "that the order must dispose of all issues in the phase of the proceeding for which it was brought." *Brittingham-Sada de Ayala*, 193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 782–83). The court stated,

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson*, 897 S.W.2d at 783).

Paul maintains that the First Order is interlocutory under *Brittingham-Sada de Ayala* because the order did not dispose of "the resignation issue of providing a

11

complete and verified final account" as required under Texas Estates Code section 361.001. *See* TEX. EST. CODE ANN. § 361.001 ("A personal representative who wishes to resign the representative's trust shall file a written application with the court clerk, accompanied by a complete and verified exhibit and final account showing the true condition of the estate entrusted to the representative's care."). *But see id.* § 361.102(a) (West 2014) (stating that if a personal representative resigns, the court may appoint a successor representative, and "[t]he appointment may be made before a final accounting is filed"). Paul states this issue was not resolved until the trial court rendered its Third Order denying his motion to compel an accounting. We disagree.

Looking at the pleadings in this phase of the case, Nancy filed an application to resign, a notice of conditional resignation, and an application for appointment of a successor dependent administrator. In Paul's First Objections, he expressly argued, among other things, that Nancy's application to resign did not comply with Texas Estates Code section 361.001 because she had not provided a full and verified accounting for the estate. This phase of the proceeding ended on January 12, 2017, when the trial court rendered its First Order accepting Nancy's resignation and appointing Reiner as dependent administrator. The trial court expressly stated in its First Order that it considered Paul's objections, and because Paul objected on the ground that the absence of a verified accounting rendered Nancy's application defective, the trial court's acceptance of her resignation implicitly overruled Paul's objection that a verified accounting is required. *Cf.* TEX. R. APP. P. 33.1(a)(2)(A) (a trial court's implicit ruling on a complaint brought by timely request, objection , or motion is preserved for appellate review).

Paul also argues that a final order cannot be rendered until all of the requirements of Texas Estates Code chapter 361 have been complied with and the

12

court approves or disapproves the final account. But if this were true, then we still would lack jurisdiction, albeit for a different reason: if there is no final judgment until the probate court approves or disapproves the final accounting, then none of the trial court's three orders would be appealable. However, we consider the trial court's First Order to be a final, appealable judgment under the cases cited above— each of which was decided after *Brittingham-Sada de Ayala*. Here, too, Paul does not attempt to reconcile his theory with the many cases treating an order appointing an estate's personal representative as a final, appealable order. *See, e.g.*, *Arizola*, 401 S.W.3d at 670; *Pine*, 360 S.W.3d at 46–47 & n.1; *Guyton*, 332 S.W.3d at 690; *Gober*, 350 S.W.3d at 598–99 & nn. 1 & 2; *Eastland*, 273 S.W.3d at 819; *Washington*, 262 S.W.3d at 905–06. In contrast, orders denying a motion to remove an administrator—such as the trial court's Second and Third Orders in this case— are non-appealable interlocutory rulings. *Cf. Brittingham-Sada de Ayala*, 193 S.W.3d at 578 (treating the denial of a motion to remove an executor as interlocutory); *In re Estate of Easley*, No. 07-15-00378-CV, 2017 WL 764603, at \*2 (Tex. App.—Amarillo Feb. 24, 2017, no pet.) (mem. op.) (same); *Pine*, 405 S.W.3d at 145 (two orders denying a motion to remove the estate's administrator and a request that the court order the administrator to conduct discovery were interlocutory).

In sum, Paul's response to our notice of intent to dismiss does not demonstrate grounds for continuing the appeal. We accordingly dismiss the appeal for want of jurisdiction.

## IV. CONCLUSION

The trial court's First Order accepting Nancy's resignation, appointing Reiner as successor dependent administrator, and implicitly overruling Paul's objections was a final judgment, and Paul's attempt to appeal that order is untimely.

13

To the extent that the trial court's Second Order rules on Paul's various requests to set aside or modify the trial court's First Order, the attempted appeal of the Second Order also is untimely, for a challenge to that part of the Second Order would have been included in an appeal of the trial court's First Order. To the extent that the Second Order addresses new matter such as Paul's request that the trial court remove Reiner and appoint Paul as successor independent executor, the order is interlocutory, and thus, unappealable.

The trial court's Third Order rejected the arguments raised in Paul's Third Objections, most of which reurged the grounds raised in his First and Second Objections. The only new matter raised in Paul's Third Objections was his request to remove Reiner for failure to timely qualify as a dependent administrator. To the extent that the trial court's Third Order rejected that request, the ruling was interlocutory.

Because we lack jurisdiction to review any of the trial court's three challenged order, we dismiss this appeal for lack of jurisdiction.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Busby, and Jewell.